(No. 35841.—

BANKERS LIFE AND CASUALTY COMPANY, Appellee, v. THE CITY OF CHICAGO, Appellant.

*Opinion filed January 20, 1961.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, and HARRY H. POLLACK, Assistant Corporation Counsel, of counsel,) for appellant.

BRUNDAGE & SHORT, and WILLIAM C. WINES, both of Chicago, (CHARLES F. SHORT, JR., and NARCISSE A. BROWN, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Plaintiff instituted this action in the superior court of Cook County for a declaratory judgment that a building permit issued plaintiff is valid, that plaintiff has a legal right to construct a building in accordance with the permit, and that an ordinance of the city of Chicago declaring plaintiff's building to be a public nuisance is unconstitutional. From a judgment for plaintiff, defendant appeals. Our jurisdiction is predicated upon the certificate of the trial judge that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

In view of the disposition that we have determined to

make of this case, it is unnecessary to recite all of the facts in minute detail. It is, however, necessary to state the essential facts in order to place in perspective the issues involved.

Plaintiff's property which is involved here was, along with other property, the subject of a previous suit in which the present plaintiff and others were plaintiffs and the city of Chicago was defendant. The final decree in the previous suit, entered by the circuit court of Cook County on March 16, 1955, declared that plaintiffs have a clear legal right to utilize all or any part of the property for its office needs and uses auxiliary thereto notwithstanding the use provisions of the Chicago zoning ordinance, provided all other valid applicable ordinances are complied with. The decree further declared the Chicago zoning ordinance, as applied to the subject properties, unreasonable, confiscatory, unconstitutional, and void, but provided that "the volume limitations of the Chicago Zoning ordinance as passed on April 5, 1923, are in no manner affected by this order."

In 1957, the city of Chicago enacted a comprehensive zoning ordinance, under which the subject property was placed in a residential classification. The 1957 ordinance, while recognizing nonconforming uses, prohibited their expansion and provided for their gradual elimination.

On February 18, 1959, plaintiff made application for a building permit for an addition to its office building and an elevator tower. The application was presented by C. Andrew Bostrum, assistant to plaintiff's president, to Harry Manly, chief zoning inspector of the city's building department. Manly first told Bostrum that the proposed addition was in violation of the city's zoning ordinance. Bostrum replied that he had a court order that allowed the erection of the addition, and he showed a copy of the 1955 order. Manly took the order to someone in his office who had more authority than he. Thereafter, Manly wrote on the application a notation to the effect that the matter had been re-

viewed by defendant's corporation counsel and that an order of the circuit court approved the addition. A building permit was thereafter issued on or about March 19, 1959. The application for this permit was, in fact, never submitted to the corporation counsel, although there were, in the files of the building department, two earlier letters from someone in the corporation counsel's office dealing with the 1955 court order. These, however, long antedated the application for this permit and had nothing directly to do with this particular addition.

About May 28, 1959, plaintiff was notified by a police officer of defendant to stop work on the construction of the addition, and plaintiff did so. By letter dated June 3, 1959, defendant notified plaintiff that its building permit was revoked because the plans and permit were not in accordance with the circuit court order of 1955 "with reference to volume restrictions so imposed."

At the time plaintiff was notified of the revocation of its building permit, it had entered into contracts for work on the addition to cost about $180,000. It had also partly demolished a two-story brick building on a portion of its property in connection with the proposed addition. On October 2, 1959, defendant passed an ordinance, effective October 14, 1959, declaring the partially demolished building to be a public nuisance and directing the commissioner of buildings to demolish it. On October 21, 1959, plaintiff filed this suit.

Three principal issues were raised by the trial and on this appeal: (1) whether the addition was in accordance with the 1955 court order, or, to state it another way, whether it violated the volume restrictions of the 1923 ordinance referred to in that order, (2) whether the 1957 zoning ordinance governed the use of the subject property, and (3) whether the city was estopped from revoking the building permit. A less important question concerned the validity of the 1959 ordinance declaring the partially de-

molished structure to be a public nuisance. The trial court found for plaintiff and enjoined defendant from interfering with plaintiff's construction, so long as it conformed to the building permit and the plans and specifications in connection therewith.

Following the decision of the trial court and pending this appeal, plaintiff proceeded with construction. On November 19, 1960, the date this appeal was argued orally in this court, plaintiff filed a motion that the appeal be dismissed on the ground that the questions presented had become moot, since plaintiff had completed the construction of the addition and had secured an elevator permit from defendant. Defendant filed exceptions to this motion, denying that the questions raised by the appeal have become moot.

At the time this action was commenced and at the time the trial court rendered its decision, a justiciable controversy clearly existed between the parties in that plaintiff was attempting to erect a building and defendant was trying to prevent its erection. Insofar as the purpose of this proceeding was to enable plaintiff to complete its building, that controversy no longer exists, as the building has been completed. Also, the question of the validity of defendant's ordinance declaring the partly demolished building a public nuisance is moot, since the conditions existing at the time of the enactment of that ordinance have completely changed. The specific justiciable controversy arising out of the facts existing at the time of the commencement of this action and presented by the pleadings no longer exists. Thus, we cannot be certain that any pronouncement on our part with respect to the legal issues presented might not be a futile enunciation of abstract principles of law having no bearing upon any presently existing dispute.

On the other hand, even though the specific controversy which gave rise to this proceeding has become moot, it is by no means certain that the legal issues raised on this appeal

may not be relevant to another controversy which may be presented by another proceeding. To dismiss the appeal, as requested by plaintiff, would make the judgment of the trial court *res judicata* on these issues and might prejudice defendant in the event of such proceedings. In view of this consideration, we have determined to follow the procedure adopted in *La Salle National Bank* v. *City of Chicago,* 3 Ill.2d 375.

In our opinion, appropriate disposition of this case requires that the judgment of the trial court, which cannot be reviewed because intervening events have made the case moot, be set aside. Such a disposition makes it clear that the matter will not be *res judicata,* since there is no judgment on the merits. The judgment order of the superior court of Cook County is therefore reversed and the case remanded with directions to dismiss the complaint.

*Reversed and remanded, with directions.*