SAVE-AT BUILDERS PRODUCTS CO., INC. *et al.*, Plaintiff-Appellee—(THE CITY OF EAST PEORIA, Plaintiff-Intervenor-Appellee,) *v.* AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES *et al.*, Defendants-Appellants.

(No. 72-234;

Third District—August 29, 1973.

Arnold Charnin, of Chicago, for appellants.

Gerald D. Skoning, of Chicago, and Moehle, Moehle, Reardon, of East Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

An action seeking injunctive relief was brought by Plaintiff-Appellee, Save-At Builders Products Co., Inc., in the circuit court of Tazewell County against Defendants-Appellants, labor organizations, and certain individuals as officers and representatives of labor organizations. The

complaint alleged the defendants, representatives of firemen and police-men employees, are engaged in labor contract negotiations with the City of East Peoria; the president of plaintiff company is Mayor of the City of East Peoria; defendants are picketing the Mayor's place of business, a private retail lumber business, and interfering with customers and their entrance to plaintiff company and threaten to continue to do so, all of which is causing injury to plaintiff's business. Plaintiff sought to enjoin defendants from engaging in picketing its premises and from harassing persons entering and leaving the premises. By agreement of the parties the circuit court issued a stipulation and ordered on July 18, 1972 which limited picketing to not more than one representative of the policemen and one representative of the firemen at the same time, and the nature of the picketing was limited to informational picketing. De-fendants were prohibited from obstructing entrance to and exit from plaintiff's facility and if either party felt aggrieved, the court would continue the hearing on the complaint for injunctive relief.

In the late afternoon of July 20, 1972, plaintiff notified defendants of a hearing on plaintiff's motion to vacate the stipulation and order and motion for a temporary injunction scheduled for the following afternoon, July 21. The notice was served on defendants' attorney at her office in Chicago. Since she was out of the city, she did not learn of the notice until the following morning. The defendants' counsel was unable to travel to Pekin, Illinois where the hearing was held that afternoon and so informed the court prior to the hearing. The court, however, refused to continue the cause. Without counsel present to represent defendants, the court proceeded with the hearing and granted a temporary injunc-tion prohibiting defendants from obstructing the entrances to plaintiff's premises and enjoining any mass or individual picketing at or near plaintiff's premises. Defendants, pursuant to the order, discontinued picketing. Subsequently, on August 25, defendants' motion for clarifica-tion and/or dissolution of the injunction and defendants' motion to stay enforcement of the temporary injunction were denied. Defendants have appealed from the judgment of the circuit court granting the temporary injunction.

The first assignment of error relates to a procedural matter in the pro-ceeding below. It is urged the temporary injunction was granted with-out adequate notice given to defendants and counsel and the court abused its discretion in holding the hearing without counsel present to represent defendants. In answer to this contention, plaintiff argues notice was served on defendants and counsel and this notice was in fact ade-quate, especially in view of the immediate and irreparable harm being suffered by plaintiff.

Defendants' next contention is the temporary injunction was contrary to law in that the enjoining of the picketing constitutes an unconstitutional restriction on free speech and is a violation of the Illinois Anti-Injunction Act. Furthermore, since the complaint alleged activities by defendants which constitute a secondary boycott, this matter is within the exclusive jurisdiction of the National Labor Relations Board. Section 8(b) 4(b) of the National Labor Relations Act (29 U.S.C., sec. 158(b) 4(B)) describes certain labor-management relations where the federal pre-emption doctrine applies. Plaintiff, on the other hand, argues the conduct is illegal and the federal labor legislation does not pre-empt the state court's power since this is a situation involving conduct where the state has a compelling interest. State jurisdiction should prevail in this traditionally local matter and it is not affected by the federal act.

At the request of this court the parties have submitted special briefs on the issue of mootness. On October 24, subsequent to the filing of defendants notice of appeal, a new collective bargaining agreement was executed by the defendants and the City of East Peoria which resolved the labor dispute underlying the unions' picketing activity. It is plaintiff's position that this appeal has become moot as a result of the resolution of the underlying labor dispute.

■■ It is well settled a reviewing court will decide only actual controversies which affect the interests or rights of the parties to the litigation and in a case with questions which have become moot, the appeal will be dismissed. (*Siefferman v. Johnson,* 406 Ill. 392, 94 N.E.2d 317.) An exception to the rule which would require the dismissal of an appeal in a case where the issues become moot exists when an issue of substantial public interest is involved. *People ex rel. Wallace v. Labrenz,* 411 Ill. 618, 104 N.E.2d 769.

■■ Appellants claim the court should consider the questions of federal pre-emption and the allowable limits of a public employees' dispute, because of the need for a legal precedent. Because there is no protective legislation for public employees in Illinois permitting them to organize and to bargain collectively as in the private sector, it is of great importance to resolve this issue. Although appellee may recognize the need for law to govern labor relations in the public sector, they argue the Illinois legislature, and not the courts, should set forth such policy. We agree there are few decisions dealing with public employee labor disputes in Illinois. The paucity of decisions might well justify the conclusion the public interest would be served by considering issues of general scope in this important area. In the absence of legislation a court can and must attempt to resolve disputes. In this particular case, we feel it is impossible to consider the issue as a public interest exception

to the rule of mootness, not because of the issues raised, but because of the sketchy and ambivalent character of the evidence arising in large part from the procedure in the lower court.

■■ In responding to appellants' claim the decision stands as precedent and should be considered for such reason, appellee points out when a case on appeal becomes moot the court will reverse or vacate the judgment below and remand with a direction to dismiss. (Cf. *La Salle Nat. Bank v. City of Chicago*, 3 Ill.2d 375, 121 N.E.2d 486, *United States v. Munsingwear Inc.*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36.) By following such procedure, the conclusion that the rights of the parties have been adjudicated will be avoided.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is remanded with directions to vacate the temporary injunction and dismiss the petition therefor.

Judgment remanded.

DIXON and SCOTT, JJ., concur.