(No. 46008.—

E. TODD WHEELER *et al.,* Appellants, v. THE AETNA CASUALTY AND SURETY COMPANY, Appellee.

*Opinion filed March 29, 1974.—Rehearing denied May 31, 1974.*

Tom L. Yates, of Chicago (Frederic L. Goff, of counsel), for appellant.

Kirkland & Ellis, of Chicago (Gary M. Elden, Donald J. Duffy, Jack T. Riley and William H. Symmes, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiffs, E. Todd Wheeler and the Perkins and Will Partnership, filed an action for a declaratory judgment in the circuit court of Cook County against Aetna Casualty and Surety Company (hereafter Aetna). The circuit court granted plaintiffs' motion for summary judgment but the appellate court reversed and remanded with directions to enter a declaratory judgment in favor of Aetna. (*Wheeler v. Aetna Casualty and Surety Co.*, 11 Ill. App. 3d 841.) We granted leave to appeal.

The Perkins and Will Partnership is an architectural firm and E. Todd Wheeler is a partner therein. Perkins and Will had contracted with Silver Cross Hospital to provide its services in the alteration and construction of an addition to the hospital building. John Wagner, an iron-worker, was injured on the project and filed suit in

January 1970 against plaintiffs herein and others. Liability was predicated upon alleged violation of the Structural Work Act. (Ill. Rev. Stat. 1969, ch. 48, par. 60 *et seq.*) Wagner's complaint alleged:

> "2. That on September 29, 1969, the defendants, SILVER CROSS HOSPITAL, E. TODD WHEELER AND THE PERKINS AND WILL PARTNERSHIP, and S. N. NIELSEN & COMPANY, A Corporation, and each of them, were entities simultaneously and concurrently in charge of the erection and construction of the aforesaid building or other structure located on the premises of the Silver Cross Hospital, located at 500 Walnut, in said city, county and state.
>
> 3. That on September 29, 1969, and prior thereto, the plaintiff, and other construction workers, were required to work upon certain scaffolding which was then and there being used in the erection and construction of the said building or other structure.
>
> 4. That on the above date, and prior thereto, the aforementioned scaffold was erected, controlled and placed in a manner which was not safe, suitable and proper for the protection of working men working on or about the same.
>
> 5. On the above date, the plaintiff, in the course of his employment, was upon the aforementioned scaffold and fell therefrom when a plank broke or gave way by virtue of the faulty erection, operation and placing of said scaffold."

Prior to Wagner's alleged injury the Perkins and Will Partnership purchased a public-liability policy from Aetna, which provided:

> "The Company will pay on behalf of the Insured all sums which the insured shall become obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent ***."

The policy also contained an exclusion clause.

"Exclusion (Engineers, Architects or Surveyors Professional Liability)

It is agreed that the insurance does not apply to bodily injury or property damage arising out of any professional services performed by or for the named insured, including (1) the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and (2) supervisory, inspection or engineering services."

It had also secured an "Architects and/or Engineers Liability Policy" from another insurer, Continental Casualty Co. (hereafter Continental). That policy, in pertinent part, stated:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages if legal liability arises out of the performance of professional services for others in the insured's capacity as an architect or an engineer and if such legal liability is caused by an error, omission or negligent act."

Perkins and Will tendered the defense of the Wagner suit to Aetna, which refused to assume the defense because it maintained that the allegations in the Wagner complaint did not encompass a situation within the purview of its public-liability policy and were expressly excluded. Continental thereafter retained counsel to defend plaintiffs in the Wagner action. Plaintiffs then commenced the declaratory judgment action against Aetna seeking to require that Aetna pay any judgment against plaintiffs or any reasonable settlement on their behalf in the Wagner suit; that any express or additional damages accrued in the defense of plaintiffs be reimbursed; and that $1000 in legal fees be assessed against Aetna for its vexatious refusal to defend. The circuit court order granting summary judgment for plaintiffs provided that "Aetna is required to defend the complaint and pay any judgment based thereon."

The appellate court reversed and remanded. In doing so, it recognized that in Illinois, the duty of an insurance company to defend its insured in an action for injuries

must be judged by the allegations of the complaint. (*Sims v. Illinois National Casualty Co.*, 43 Ill. App. 2d 184, 191.) The appellate court, however, expanded this principle by taking judicial notice of facts *dehors* the complaint, *i.e.*, the role played by architects in the construction of buildings. The appellate court reasoned that an architect's function is limited to the rendition of professional services and not the placing and operation of hoists or scaffolds upon which Wagner allegedly was injured. Therefore it concluded that the allegations of the complaint fit squarely within Aetna's policy exclusion for professional liability, thereby relieving Aetna of a duty to defend and placing that duty upon Continental. 11 Ill. App. 3d at 854.

We need not reach the issue as to whether a court is limited to facts alleged in the complaint in determining the possible insurance coverage of parties to litigation. During the course of oral argument of this cause, it was suggested by counsel that the Wagner lawsuit had been settled. After this appeal had been submitted for decision and opinion, we directed the clerk of the circuit court of Cook County to compile a record of the Wagner action, and it was filed as a supplemental record in this cause.

The supplemental record, in pertinent part, discloses that in April 1973 the present plaintiffs filed a motion for summary judgment based upon their counterclaim against S. N. Nielsen & Company (hereafter Nielsen). Plaintiffs premised their motion upon a contract entered into between Nielsen, as contractor, and Silver Cross Hospital. A provision of that agreement required the contractor "to protect, defend, indemnify and save harmless the owner and architect *** against all loss damage or expense which the owner and architect may sustain, incur or become liable for on account of work performed by the contractor ***. This coverage shall be in the form of comprehensive general liability insurance ***, but this shall in no event relieve [the] contractor from liability under said hold harmless agreement." Plaintiffs requested that Nielsen be

required to compensate them for all costs, including attorneys' fees incurred to date in defense of the Wagner action; that Nielsen pay the full amount of any judgment obtained by Wagner against plaintiffs; and that Nielsen be required to assume plaintiffs' defense, including attorneys' fees and court costs.

On May 25, 1973 (11 days after the appellate court decision in the present appeal was rendered), the circuit court granted the aforesaid motion for summary judgment. It further directed that counsel be substituted to defend plaintiffs and that Nielsen be liable "for all costs and expenses including attorneys' fees, expended by E. Todd Wheeler and the Perkins and Will Partnership in defense of this cause, the amount to be agreed upon at a future time, or to be determined by proper processes." Counsel who represented Nielsen was allowed to enter an appearance on behalf of plaintiffs. Plaintiffs' counsel in this appeal was permitted to withdraw from the Wagner action. On October 18, 1973, after we had granted plaintiffs' petition for leave to appeal, the Wagner action was settled by agreement of the parties and the cause dismissed without costs and with prejudice. The supplemental record does not contain a notice of appeal filed by any party to the Wagner action.

The proposition is established that a court of review will not ordinarily dispose of an appeal on its merits where the court has notice of facts that demonstrate that no actual rights or interests of the parties will be affected thereby. (*Breault v. Feigenholtz*, 54 Ill.2d 185, 188; *Dee-El Garage, Inc. v. Korzen*, 53 Ill.2d 1, 11; *Siefferman v. Johnson*, 406 Ill. 392, 396.) We conclude that the supplemental record negates the existence of a present controversy. (See *Tuttle v. Gunderson*, 341 Ill. 36, 45-46.) The basic argument between the parties herein concerns which insurance company would assume plaintiffs' defense in the Wagner action. It is evident that neither Continental nor Aetna actually had to bear this burden under the respective

insurance policies at issue in this case. Rather it is clear from the summary judgment order that Nielsen was directed to assume plaintiffs' defense and further ordered to pay any judgment rendered against them in the Wagner action. Plaintiffs' counsel, who presently represent them in this appeal, were also to be compensated for any effort they might have expended on behalf of plaintiffs in the defense of the Wagner lawsuit that ultimately was settled and dismissed with prejudice. We assume that equitable compensation was proffered by Nielsen to plaintiffs' counsel, for the supplemental record makes no further reference to this matter.

Subsequent developments have rendered this case moot. The judgment of the appellate court will be vacated and the cause remanded to the circuit court of Cook County with directions to dismiss the complaint.

*Vacated and remanded, with directions.*