Dr. Donald Slaughter, President; Residents and Internes Association of Cook County Hospital, *et al.*, Plaintiffs-Appellees, *v.* Dr. Joseph Thornton *et al.*, Defendants-Appellants.

(No. 60237;

First District (3rd Division)—November 20, 1975.

Winston & Strawn, of Chicago (Gary L. Lennard, of counsel), for appellants.

Davis, Miner & Barnhill, of Chicago (Charles Barnhill, Jr., of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendants Dr. Joseph Thornton and Dr. Mohammed Efthaiha appeal from a final order entered by the trial court following a hearing, which *inter alia* restrained them from acting or purporting to act as officers of

plaintiff Residents and Internes Association of the Cook County Hospital, and also from interfering with plaintiffs Dr. Donald Slaughter, Dr. Gustavo Espinosa, Dr. Curtiss Durand and Dr. Chris Hinson in their capacities as the newly elected officers of the Association. The order was entered on January 24, 1974, and the defendants filed a notice of appeal. In this court plaintiffs filed a motion to dismiss the appeal on the basis of mootness, which motion was taken with the case. As we have concluded that the mootness question is dispositive of the appeal, only those facts which are pertinent to that question are presented.

The individual plaintiffs were elected as officers of the Association after an amendment to the election provisions of its constitution was adopted to provide for the direct election of officers by the membership. Defendants, who were officers of the Association prior to that election, refused to recognize the individual plaintiffs as their successors in office. Plaintiffs then filed a complaint for injunctive relief and defendants filed an answer. Upon hearing by the trial court, the order appealed from was entered. After reciting "The Court Hereby Finds, Orders, Adjudges, Decrees and Declares," the order in substance provided that the Executive Committee validly passed a resolution authorizing a referendum to determine whether officers should be elected by direct election of the membership; that the members of the Association voted in favor of the direct election; that the actions constituted a valid amendment to the Constitution and By-Laws; that in accordance with the amendment, plaintiffs were duly elected officers; that defendants are enjoined from acting or purporting to act as officers of the Association; and that said order is final and appealable.

Defendants instituted this appeal, contending that the amendment of the election provisions was not validly effected in accordance with the amendment procedures established in the Association's Constitution, thus rendering the subsequent direct election of the individual plaintiffs void.

On April 24, 1975, plaintiffs filed a motion in this court to dismiss defendants' appeal on the ground that the case had become moot. Accompanying the motion was an affidavit of Dr. Donald Slaughter which averred that defendants had withdrawn as members of the Association in February 1974, and that as a result of actions by the administration of Cook County Hospital, the Association had effectively ceased to exist and was presently without membership. Defendants filed a response which admitted that the Association had ceased to exist and did not deny that the defendants had previously withdrawn from its membership. However, defendants argued that the case was not moot because the individual plaintiffs had instituted a Federal suit for damages arising out of alleged violations of their rights, which were derived in part from

their positions as officers of the Association. Defendants concluded their response with a request that the case not be dismissed as moot unless plaintiffs represented to this court that the issue of their status as officers of the Association was not pertinent to the Federal litigation. Plaintiffs filed a reply in support of their motion to dismiss the appeal which argued that the existence of a Federal suit has no bearing upon the question of whether the present case is moot.

■■ A case is moot when there is an absence of any actual controversy. The existence of an actual controversy is an essential requisite to appellate jurisdiction, and the general rule is that where a reviewing court has notice of facts which show that only a moot question is involved, it will dismiss the appeal even though such facts do not appear in the record. (*La Salle National Bank v. City of Chicago* (1954), 3 Ill.2d 375, 121 N.E.2d 486.) Facts which affect the propriety of a reviewing court proceeding to exercise its appellate jurisdiction may be proved by extrinsic evidence, including a motion and supporting affidavit. *Buckingham Corp. v. Vesolowski* (1974), 17 Ill.App.3d 58, 307 N.E.2d 703.

■■ In the instant case the principal issues raised at trial and presented in this appeal concern the validity of the amendment of the election provisions of the Association's Constitution and the legality of the subsequent direct election of the individual plaintiffs as officers under such amendment. Dr. Slaughter's affidavit which accompanied the motion to dismiss the appeal states that defendants have withdrawn from membership in the Association and further, that the Association itself is no longer a viable organization. Defendants do not challenge either fact. As a consequence, it cannot be said that any appellate decision concerning the issues presented at trial might not be a futile enunciation of abstract principles of law having no relevance to any existing dispute. We therefore decline to exercise our jurisdiction in this matter.

■■ Although the specific controversy which gave rise to this proceeding is no longer subject to appellate review it is by no means certain that the issues raised may not be relevant to another controversy presented by another proceeding. Defendants argue that a pending Federal action brought by the individual plaintiffs is based in part upon the same contentions raised here. To dismiss the appeal as moot could produce collateral legal consequences prejudicial to the defendants in that such a disposition would render the judgment of the trial court res judicata on these issues. (*In re Sciara* (1974), 21 Ill.App.3d 889, 316 N.E. 2d 153.) To offset that possibility, the judgment of the trial court, which cannot be reviewed because intervening events have made the issues moot, must be set aside. This disposition avoids the potential prejudice of the matter being considered res judicata since there will be no judg-

ment on the merits of the case. *Bankers Life & Casualty Co. v. City of Chicago* (1961), 21 Ill.2d 172, 171 N.E.2d 577; *La Salle National Bank v. City of Chicago; Save-At Builders Products Co. v. American Federation of State, County, & Municipal Employees* (1973), 13 Ill.App.3d 846, 301 N.E.2d 67.

Accordingly, the order of the trial court is vacated and the cause is remanded to the circuit court of Cook County with directions to dismiss the complaint.

Order vacated and remanded with directions.

McGLOON, P. J., and McNAMARA, J., concur.