THE PEOPLE *ex rel.* WILLIAM CRAINE, Petitioner-Appellee, *v.* RICHARD BOYD, Respondent-Appellant.

Fifth District    No. 75-482

Opinion filed August 26, 1976.

G. J. MORAN, J., dissenting.

Jona Goldschmidt, of Prison Legal Aid, of Carbondale, and Stanley R. Meyer, Law Student, for appellant.

Herbert J. Lantz, Jr., State's Attorney, of Chester (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Randolph County finding appellant in need of mental treatment under section 7—1 *et seq.* of the Mental Health Code (Ill. Rev. Stat. 1975, ch. 91½, par. 7—1 *et seq.*) and ordering his commitment to the Department of Mental Health.

Appellant contends that the trial court erred in refusing to apply a standard of proof beyond a reasonable doubt in violation of the due process clause of the fourteenth amendment to the United States Constitution.

The State has filed a motion requesting that we dismiss this case because of mootness, because of a letter received from counsel for appellant advising the State that appellant has been released from the custody of the Mental Health Department by reason of an "absolute" discharge pursuant to section 10—4 of the Mental Health Code (Ill. Rev. Stat. 1975, ch. 91½, par. 10—4).

Appellant urges that under authority of *In re Sciara*, 21 Ill. App. 3d 889, 316 N.E.2d 153, we should not find this case to be moot. He points out that there are collateral consequences in this case that may plague the appellant in the future, such as difficulty in employment and the use of the present commitment in some future proceedings.

In the *Sciara* case respondent was found in need of mental treatment and placed in custody of her husband for one year with authority to commit her to Chicago Lake Shore Hospital. She was so committed but released in two months. At the time the case was heard on appeal the order appealed had expired by its own terms. The State contended the appeal should be dismissed as moot since the respondent was released from the hospital and the adjudication order had expired by its own terms.

The *Sciara* court held that when a case is moot the appeal should be dismissed but noted that two exceptions to the dismissal rule have developed, first, where a mootness ruling would eliminate an entire class of cases from appellate review and, second, where there are collateral legal consequences which survive the expiration order under review. The respondent having contended that she came within the collateral

consequences exception to the mootness rule, the court held that the question of collateral consequences must be considered on a case by case basis. The court cited *In re Ballay* (D.C. Cir. 1973), 482 F.2d 648, which held that a civil commitment case is moot only if there is *no possibility* that any collateral legal consequence will be imposed as a result of a finding of mental incompetency. *Sciara* noted, however, that it had before it a finding of "need of mental treatment" and that in Illinois one is presumed competent until the contrary is shown. After finding possible adverse effects which could flow from an adjudication that respondent was in need of mental treatment, the court found there were collateral consequences that flowed from the adjudication and considered the respondent's appeal on its merits notwithstanding its mootness.

■■ We agree with the *Sciara* court that the question of the application of the collateral consequences exception to the mootness rule must be considered on a case by case basis and that is the approach we take here. We have considered the collateral consequences which might flow from a finding that respondent was in need of mental treatment and have concluded that, if anything, such consequences would be favorable to respondent.

■■ Respondent's commitment in the instant case does not stand in isolation upon an otherwise clean record. Appellant Boyd was admitted to Menard Psychiatric Center on September 15, 1975, under emergency admission procedures of the Mental Health Code, section 7—1 *et seq.* (Ill. Rev. Stat. 1975, ch. 91½, par. 7—1 *et seq.*). He was transferred from the Department of Corrections as he approached his mandatory release date from a four- to ten-year sentence for indecent liberties. Boyd had previously been arrested for the rape of a five-year-old child in 1966, but the charges were later dropped. In 1966, he was committed to the Manteno mental hospital. Approximately six months following respondent's commitment to the Department of Mental Health he was granted an "absolute discharge." Such unqualified discharge, following a previous commitment to the Manteno State Hospital, a 1966 arrest for rape of a five-year-old girl and his mandatory release from a four- to ten-year sentence for indecent liberties with a minor, can only reflect favorably upon respondent. His absolute discharge from a commitment as being in need of mental treatment shows, if anything, that he had received the needed treatment, has recovered, is no longer afflicted, and is once again ready to take his place in society.

Thus considered, we find there are no adverse collateral consequences that flow from an adjudication that respondent is in need of mental treatment and, accordingly, this appeal is dismissed as moot.

Appeal dismissed.

EBERSPACHER, J., concurs.

Mr. JUSTICE GEORGE J. MORAN, dissenting:

The application of the mootness doctrine to this case and the majority's refusal to remand the cause to the trial court with directions to dismiss the complaint reaches an unconscionable result—the defendant is bound by a finding that he was in need of mental treatment and has no possible means of reviewing that finding.

I do not believe the majority correctly applies the standard enunciated in *In re Sciara*, 21 Ill. App. 3d 889, 316 N.E.2d 153. While it is true that that court created a case-by-case approach in the application of the collateral consequences exception to the mootness doctrine, it also accepted the sound principle that an appeal should be held moot only where there is *no possibility* that any collateral legal consequences will result. (*In re Sciara*, 21 Ill. App. 3d 889, 895, 316 N.E.2d 153, 157. See also *In re Ballay* (D.C. Cir. 1973), 482 F.2d 648; *In re Stephenson*, 36 Ill. App. 3d 746, 344 N.E.2d 679.) In the present case appellant was found to have a "mental illness" which could result in harm to himself or to others. I am unable to say that there is *no possibility* that the commitment from which Boyd is appealing will not affect him adversely in some future commitment proceedings. Further, there is the very real possibility that his employment opportunities will be curtailed as a result of the disclosure of his commitment to the Department of Mental Health, despite his absolute discharge. The contention of the majority that any collateral consequences arising from Boyd's commitment would be favorable is, at best, naive. Such a position totally disregards the social prejudices and the "multitude of legal disabilities radiating from the label 'mentally incompetent'." (*In re Ballay* (D.C. Cir. 1973), 482 F.2d 648, 651.) Accordingly, I feel that this court should reach the merits of appellant's claim under the collateral consequences exception to the mootness doctrine.

Even if it were true that this case could properly be deemed moot, I do not feel that it is appropriate to merely dismiss the appeal. Rather, we should set aside the judgment of the trial court and remand this case to the trial court with directions to dismiss the action. Such a procedure would reach a far more equitable result since the appellant is now precluded from having the merits of his claim reviewed. On this point I feel that the following language from *Slaughter v. Thornton*, 34 Ill. App. 3d 422, 339 N.E.2d 776, is pertinent:

> "Although the specific controversy which gave rise to this proceeding is no longer subject to appellate review it is by no means certain that the issues raised may not be relevant to another controversy presented by another proceeding. Defendants argue that a pending Federal action brought by the individual plaintiffs is

based in part upon the same contentions raised here. To dismiss the appeal as moot could produce collateral legal consequences prejudicial to the defendants in that such a disposition would render the judgment of the trial court res judicata on these issues. (*In re Sciara* (1974), 21 Ill. App. 3d 889, 316 N.E.2d 153.) To offset that possibility, the judgment of the trial court, which cannot be reviewed because intervening events have made the issues moot, must be set aside. This disposition avoids the potential prejudice of the matter being considered res judicata since there will be no judgment on the merits of the case. *Bankers Life & Casualty Co. v. City of Chicago* (1961), 21 Ill. App. 2d 172, 171 N.E.2d 577; *La Salle National Bank v. City of Chicago*; *Save-At Builders Products Co. v. American Federation of State, County, & Municipal Employees* (1973), 13 Ill. App. 3d 846, 301 N.E.2d 67." (34 Ill. App. 3d 422, 424-25; 339 N.E.2d 776, 779.)

Furthermore, the Illinois Supreme Court decision in *Wheeler v. Aetna Casualty & Surety Co.*, 57 Ill. 2d 184, 311 N.E.2d 134, on which the decision in *In re Sciara*, 21 Ill. App. 3d 889, 316 N.E.2d 153, was directly based, made the following disposition after determining that the case had been rendered moot:

"Subsequent developments have rendered this case moot. The judgment of the appellate court will be vacated and the cause remanded to the circuit court of Cook County with directions to dismiss the complaint." 57 Ill. 2d 184, 190, 311 N.E.2d 134, 137.

For the foregoing reasons, it is my opinion that that court should reach the merits of this action. In addition, I believe the majority has further aggravated its error in its refusal to recognize clear and persuasive precedent by not remanding this action to the trial court with directions to dismiss the complaint.

I dissent.