MICHAEL LONGO, Plaintiff-Appellee, v. BOARD OF TRUSTEES OF THE ILLINOIS MUNICIPAL RETIREMENT FUND, Defendants-Appellants.

First District (4th Division)   No. 76-1496

Opinion filed June 23, 1977.

John J. Edman, of Chicago, for appellants.

Jerome H. Torshen, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order by the circuit court of Cook County. The action below was brought for a declaratory judgment asking the court to reverse a decision of the Board of Trustees of the Illinois Municipal Retirement Fund (defendant) denying Michael Longo (plaintiff) creditable service for his retirement annuity computation for 42 months of military service. The circuit court entered a declaratory judgment for the plaintiff, finding he was entitled to the creditable service.

Submitted for review is the question of whether the Town of Cicero (hereinafter Cicero) was legally required to rehire plaintiff upon his discharge from military service pursuant to section 7—139 of the Illinois Pension Code (Ill. Rev. Stat. 1973, ch. 108½, par. 7—139), thereby entitling the plaintiff to creditable service for his retirement annuity.

The matter was submitted to the circuit court on an agreed stipulation of facts.

Plaintiff, for a period from March 16, 1938, to June 16, 1938, and from May 1, 1939, to October 5, 1942, was employed by Cicero as a relief investigator for the Bureau of Public Welfare, as a clerk in the township assessor's office and as an assistant clerk in the township collector's office.

On October 5, 1942, plaintiff was drafted into the United States Army and served continuously in the United States Army for 42 months until his discharge on March 28, 1946. During that time, plaintiff honorably served in the European theater of operations in combat and was awarded battle decorations.

Upon his discharge from the armed forces of the United States, plaintiff returned to Cicero and immediately requested reemployment by Cicero.

Cicero failed and refused to reemploy plaintiff.

Plaintiff sought for four months to become reemployed by Cicero. He notified the Veterans Administration which unsuccessfully sought to have plaintiff returned to his former job. Cicero, however, consistently refused to reemploy him.

It was necessary, thereafter, for the plaintiff to seek other employment, which he obtained.

On March 1, 1958, plaintiff was again employed by Cicero and has been so employed continually since that date.

The defendants administer the Illinois Municipal Retirement Fund (IMRF) pursuant to article 7 of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 7—101 *et seq.*). Cicero became a participant in IMRF on January 1, 1951.

The statutes governing IMRF provide employees shall receive a month of creditable service for each month the employee works and has earnings (Ill. Rev. Stat. 1975, ch. 108½, par. 7—139). Both employee and employer contribute to a retirement fund. The employee contributions are fixed by statute, presently at 4.5% of earnings (Ill. Rev. Stat. 1975, ch. 108½, par. 7—173). The employer retirement contributions are established on an actuarial cost basis for each employer (Ill. Rev. Stat. 1975, ch. 108½, par. 7—172). No employee contributions are required for service prior to the time the unit of government joined IMRF. The plaintiff has made contributions on his earnings and received credit for service from the date of reemployment by Cicero on March 1, 1958, to the present date. He also received three years and eight months of service credit, without contributions, for his service with Cicero from March 16, 1938, to June 16, 1938, and from May 1, 1939, to October 5, 1942.

Section 7—139 of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 7—139) provides, *inter alia*:

"Credits and creditable service to employees.

(a) Each participating employee shall be granted credits and creditable service, for purposes of determining the amount of any annuity or benefit to which he or a beneficiary is entitled, as follows:

*  *  *

5. For military service: The governing body of a municipality or participating instrumentality may elect to allow creditable service to participating employees who leave their employment to serve in the armed forces of the United States for all periods of such service, provided such person returns to active employment within 90 days after completion of full time active duty but no creditable service shall be allowed such person for any period that can be used in the computation of a pension or any other pay or benefit, other than pay for active duty, for service in any branch of the armed forces of the United States. If necessary to the computation of any benefit, the board shall establish municipality credits for participating employees under this paragraph on the assumption that the employee received earnings at the rate received at the time he left the employment to enter the armed forces. A participating employee in the armed forces shall not be considered an employee

during such period of service and no additional death and no disability benefits are payable for death or disability during such period."

Plaintiff filed an application for military service credit with the defendants, asking that he be credited with 41 months of military service credit. While plaintiff's actual military service is 42 months, he already has received one month of service credit for October, 1942, and therefore, the additional service would be 41 months, if granted. The defendants have made a final determination that plaintiff is not entitled to the military service credit.

The statutes governing IMRF provide the monthly retirement annuity for retiring employees shall be computed on the basis of the following formula (Ill. Rev. Stat. 1975, ch. 108½, par. 7—142):

First 15 years of service:

Years of service X 1 2/3% X final rate of earnings

Over 15 years of service:

Years of service x 2% X final rate of earnings

The final rate of earnings is the average monthly earnings in the 48 consecutive months in the last 10 years of service in which the employee has the highest earnings (Ill. Rev. Stat. 1975, ch. 108½, par. 7—116).

The plaintiff's retirement annuity computed on the basis of this formula if he would retire on July 31, 1976, without receiving credit for his military service, would be $365.12 per month. This amount is based upon 22 years and one month of service and an average monthly wage (computed on the 48 months from June, 1970 to May, 1974) of $932.11.

If the plaintiff receives credit for his 41 months of military service his retirement annuity, if he retired on July 31, 1976, would be $428.82 per month. This amount is based upon 25 years and six months of service and an average monthly wage (computed on the 48 months from June 1970, to May 1974) of $932.11.

The statutes governing IMRF provide the retirement annuity costs for the employees of each unit of government shall be borne by that unit of government. Employer retirement contributions required by statute (Ill. Rev. Stat. 1975, ch. 108½, par. 7—172) are credited to each employer's accumulation reserve (Ill. Rev. Stat. 1975, ch. 108½, par. 210). When an employee retires the actuarial cost of the annuity, over and above the funds available from the employee's own contributions and interest credited thereon to date of retirement, are charged to the employer's accumulation reserve and these amounts are transferred to the IMRF annuity reserve. The actuarial cost is determined on the basis of actuarial tables recommended by IMRF's consulting actuary and adopted by its Board of Trustees.

If plaintiff was to retire on July 31, 1976, his own contribution plus

interest credited thereon would total $8,239.57. The total cost of his monthly retirement annuity of $365.12 without military service credit would be $64,334.12. The charge to Cicero's accumulation reserve would be $56,094.74. The cost of the monthly annuity of $428.82 with 41 months of military service credit would be $75,558.08. The charge to the accumulation reserve of Cicero would be $67,318.68; $11,223.94 more than the retirement annuity without military service credit.

The determination of IMRF rejecting plaintiff's claim was made although plaintiff did everything possible to resume employment with Cicero in the job which he held prior to being drafted into the armed forces.

Plaintiff filed his action for a declaratory judgment, asking the court declare him entitled to the pension credit for his military service. The circuit court ruled in favor of the plaintiff and decreed the plaintiff was entitled to the credit for his military service. This appeal follows.

The plaintiff argues, and the trial court held, the failure of Cicero to reemploy the plaintiff upon the termination of his military service was in violation of the policy of the State of Illinois as determined by a liberal construction of the Servicemen's Employment Tenure Act (Ill. Rev. Stat. 1971, ch. 126½, par. 29 et seq.) and section 7—139 of the Illinois Pension Code.

■■ Defendant claims the plaintiff had no legal right to reemployment in 1946. We agree. The statement of public policy included in the Illinois Servicemen's Employment Tenure Act applies solely to private employers (Ill. Rev. Stat. 1973, ch. 126½, par. 32) and has never been applied to public employers, such as the Town of Cicero. Section 7—139 of the Illinois Pension Code grants municipalities the option of allowing creditable service for retirement annuity, by providing, inter alia:

"* * * [A] municipality * * * may elect to allow creditable service to participating employees who leave their employment to serve in the armed forces * * *."

The Federal law controlling reemployment following armed forces service is the Military Selective Service Act (50 U.S.C. App. §459(b) (1970)). This Act, as the Illinois Servicemen's Tenure Act, refrains from requiring reemployment if the employer is a State or political subdivision of a State, by providing, in pertinent part:

"* * * In the case of any * * * person who, in order to perform * * * [armed forces] training and service, has left or leaves a position * * * and who * * * makes application for reemployment * * *

(A) if such position was in the employ of the United States Government, its Territories, or possessions, or political subdivisions thereof, or the District of Columbia, such person shall

* * * be restored to such position or to a position of like seniority, status, and pay; * * *

(B) if such position was in the employ of a private employer, such person shall * * * be restored * * * to such position or to a position of like seniority, status, and pay * * * unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so;

(C) if such position was in the employ of any State or political subdivision thereof, it is declared to be the sense of the Congress that such person should * * * be restored to such position or to a position of like seniority, status, and pay * * *."

Nowhere, by Federal or local law, was Cicero required to rehire the plaintiff.

There having been no requirement that Cicero employ the plaintiff, it was error for the court below to hold plaintiff was entitled to credit for his 42 months military service in the determination of any annuity, pension or benefit.

■■ Defendant also raises the issue of whether section 7—139 of the Illinois Pension Code is inapplicable since said statute permits granting pension credits from military service only if the employee is rehired within 90 days of discharge from military service and the plaintiff was not reemployed by Cicero until 12 years after his discharge from military service. We will not, however, decide this issue. A reviewing court will ordinarily not consider questions or contentions which are not essential to the determination or final disposition of the cause before it (see *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 311 N.E.2d 134). Similarly, a reviewing court will not consider a question or contention where the result will be the same no matter how such question or contention is decided. See *Griffin v. Rausa* (1954), 2 Ill. 2d 421, 118 N.E.2d 249.

We have held the defendant Board was not required to allow military service pension credits, and properly exercised its discretion in denying plaintiff's claim. There is no need, therefore, to rule on defendant's alternative argument that rehirement was not within the 90-day requirement.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby reversed.

Reversed.

LINN and ROMITI, JJ., concur.