IRVING E. HOLLOBOW *et al.*, Plaintiffs-Appellees, *v.* ENERGY RESOURCES CORPORATION *et al.*, Defendants-Appellees.—(ELLEN C. VAN DER MEULEN, Intervening Petitioner-Appellant.)

First District (2nd Division)   No. 79-1583

Opinion filed March 17, 1981.

No appearance for appellant.

No appearance for appellees.

Michael J. McArdle, Chartered, of Chicago (Michael J. McArdle, of counsel), for intervening appellant.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Intervening petitioner, Ellen C. Van Der Meulen, wife of defendant Barry Van Der Meulen, appeals from an order of the circuit court of Cook County denying her petition to intervene to enjoin a court ordered sheriff's sale of her marital residence to satisfy plaintiffs' judgment against her husband.

On February 9, 1979, the circuit court of Cook County entered judgment in favor of the plaintiffs, Irving E. Hollobow and Lawrence J. Taslitz, and against defendants Energy Resources Corporation and Barry Van Der Meulen in the amount of $79,790.88 and set supersedeas bond at $80,000. In an attempt to satisfy this judgment, plaintiffs obtained a court order directing the clerk of the circuit court to assign Barry Van Der Meulen's beneficial interest in a land trust to the sheriff for sale. On September 12, 1979, the intervening petitioner filed her petition to intervene, alleging that the property subject to the land trust was the marital residence of her and Barry Van Der Meulen. She alleged that prior to her marriage to Van Der Meulen, on April 1, 1978, and in consideration

of his promise to execute letters of direction to the trustee vesting one-half of the beneficial interest in the residence in her, she made several valuable improvements to the residence totalling approximately $71,500. She further alleged that Van Der Meulen had not executed the documents necessary to vest in her a one-half interest in the property although she had performed all the agreed upon terms and conditions. After hearing argument of counsel, the trial court denied her petition to intervene, and she filed the instant appeal. Defendants Barry Van Der Meulen and Energy Resources Corporation have also appealed from the judgment entered against them in the amount of $79,790.88, and we have reversed and remanded that judgment in the cause entitled *Hollobow v. Energy Resources Corp.* (1981), 94 Ill. App. 3d 331, 418 N.E.2d 924. Although these cases are related, they were never consolidated upon appeal.

Because we have reversed the judgment which plaintiffs sought to enforce by the court ordered sheriff's sale and remanded the cause for further proceedings, we must consider the effect of that disposition upon the instant appeal.

Courts have determined an issue to be moot when no actual controversy, interests or rights of the parties are presented or involved or when the issue itself has ceased to exist. (*La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 378, 121 N.E.2d 486; *Trompeter Construction Co. v. First Federal Savings & Loan Association of Ottawa* (1978), 62 Ill. App. 3d 173, 176, 379 N.E.2d 298.) An appellate court will not review a case merely to decide moot or abstract questions, to establish precedent, or to render a judgment to guide potential future litigation. *La Salle National Bank*, at 379; *Trompeter Construction Co.*, at 176.

At the time this action was commenced and at the time the trial court rendered its decision, a justiciable controversy clearly existed between the parties in that the plaintiffs were attempting to satisfy a judgment they had obtained against defendant Barry Van Der Meulen by a court-ordered sheriff's sale of property in which he had a beneficial interest, and the intervening petitioner was attempting to enjoin the court-ordered sale of that property because it was her marital residence and because she had made several valuable improvements to that property. Insofar as the purpose of this portion of the proceeding was to enforce the judgment, that controversy no longer exists because that judgment has been reversed. The specific justiciable controversy arising out of the facts existing at the time of the commencement of this action and presented by the pleadings of the intervening petitioner no longer exists. Thus we cannot be certain that any pronouncement on our part with respect to the legal issues presented might not be a futile enunciation of abstract principles of law having no bearing upon any presently existing dispute.

On the other hand, even though the specific controversy which gave rise to this proceeding has become moot, it is by no means certain that the legal issues raised on this appeal may not be relevant to another controversy which may be presented by another proceeding. To dismiss the appeal would make the judgment of the trial court *res judicata* on these issues and might prejudice the intervening petitioner in the event of such proceedings. In view of this consideration we have determined to follow the procedure adopted in *Bankers Life & Casualty Co. v. City of Chicago* (1961), 21 Ill. 2d 172, 171 N.E.2d 577; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 121 N.E.2d 486; *Slaughter v. Thornton* (1975), 34 Ill. App. 3d 422, 339 N.E.2d 776; *Save-At Builders Products Co. v. American Federation of State, County & Municipal Employees* (1973), 13 Ill. App. 3d 846, 301 N.E.2d 67.

In our opinion the appropriate disposition of this case requires that the order of the trial court denying the petition to intervene be set aside. Such a disposition makes it clear that the matter will not be *res judicata,* since there is no judgment on the merits.

Accordingly, the order of the trial court is vacated, and the cause is remanded with directions to dismiss the petition to intervene.

Order vacated and remanded with directions.

HARTMAN, P. J., and STAMOS, J., concur.