NANCY KOHAN et al., Plaintiffs-Appellants, v. RIMLAND SCHOOL FOR AUTISTIC CHILDREN et al., Defendants-Appellees.

First District (2nd Division)    No. 80-2765

Opinion filed December 8, 1981.

---

Law Office of Martin E. Litwin, of Chicago, for appellants.

Louis B. Garippo, Ltd., of Chicago (David A. Novoselsky, of counsel), for appellees.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs, Nancy Kohan, Terry Winter and Alan M. Katz, individually and as members of a putative class, appeal from an order dismissing their complaint pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 45), for failure to state a cause of action, and awarding certain equitable relief in favor of defendants, Rimland School for Autistic Children (School), a not-for-profit organization, its president, and a director. The complaint alleged that defendants were seeking to deprive them of their voting rights at the 1980 annual meeting in·violation of the

School bylaws. Defendants responded with an answer, affirmative defenses, and a counterclaim, the latter seeking a determination that their actions were valid and an injunction prohibiting plaintiffs from participating in the annual meeting for election of School officers.

The trial court dismissed the complaint and ordered that the annual meeting take place in court under certain specified conditions, the most prominent of which are set forth later in the opinion. After judgment was entered and while the appeal was pending, a motion was filed by defendants, supported by an affidavit of one of defendants, Rosalind Oppenheim, seeking to dismiss the appeal upon grounds of mootness because the 1981 annual meeting and election of officers was held on May 19, 1981, and had not been set aside.

The issues raised on appeal include whether: the complaint states a cause of action for injunctive relief; an oral order simultaneously dismissing the complaint and granting relief pursuant to defendants' counterclaim denied plaintiffs the right to amend their complaint; and the trial court, without a prior evidentiary hearing, could properly grant the equitable relief hereinafter set forth. For the reasons which follow, we reverse and remand with directions to dismiss the complaint and counterclaim.

The class action purported to represent members of the School who: had paid their annual dues; were currently delinquent in their annual dues; and to represent persons who desired to become paying members of the School, respectively. The complaint alleged that the School president, Dr. Ding Djung Yang, issued a letter on May 10, 1980, for the sole purpose of depriving plaintiffs of their rights to membership on the board of directors and disenfranchising their voting rights, in contravention of the bylaws. That letter provided that only members in "good standing" on May 10, 1980, would be eligible to vote at the 1980 annual meeting to be held on June 10, 1980. Article III, section 1 of the bylaws provides that members in "good standing" are those who have paid dues for the current fiscal year. Plaintiffs sought to enjoin defendants from enforcing the May 10 cutoff date for participating in the election.

Defendants' answer denied the pivotal allegations asserted in the complaint and affirmatively alleged that: the School, since its inception, had established a precedent of setting a cutoff date for eligibility to vote; the number of memberships had theretofore averaged 50 for the entire life of the corporation; and plaintiffs represented a class of 535 who were not of record on May 10, 1980, and were attempting to undermine the established voting policies of the School. The bylaws provided that membership was open to all persons sympathetic to the purpose of the School upon payment of annual dues, $5. Defendants' counterclaim sought a finding that the actions of defendants-counterplaintiffs on May 10, 1980, be deemed proper and that plaintiffs-counterdefendants be enjoined from voting in the annual meeting.

On September 12, 1980, defendants made an emergency motion for immediate hearing on all pleadings, alleging that as a result of the instant dispute neither the School budget nor the teacher contract had been approved and that continued delay would wreak havoc on School programs. Four days later, the trial court entered an order attempting to maintain the *status quo*. On October 9, 1980, the trial court orally announced that the complaint was dismissed for failure to state a cause of action. Further, pursuant to the counterclaim, only members in good standing on May 1, 1980, would be allowed to vote. Finally, the 1980 meeting would take place on November 6 in open court without the use of proxies. No evidence was adduced at this proceeding.

■■ The motion to dismiss the appeal, supported by affidavit, which stated that the 1981 annual meeting was held on May 19 of the same year at which time a new board of directors was elected, must be given threshold consideration. Of necessity, this court is obligated to consider facts, even those extrinsic to the record, which affect its right and duty to proceed in its exercise of appealable jurisdiction. We therefore take notice of such meeting and election. (*La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379, 121 N.E.2d 486; *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 438, 343 N.E.2d 479.) We conclude from the affidavit that this appeal is moot.

■■ A case is moot when it involves no real controversy. (*Szczurek v. City of Park Ridge* (1981), 97 Ill. App. 3d 649, 654, 422 N.E.2d 907). A case will not be reviewed merely to resolve moot or abstract questions, to establish precedent, or to render a judgment to guide future potential litigation. (*La Salle National Bank v. City of Chicago*.) Nevertheless, cases concerning the public interest may be considered by a reviewing court even though they involve moot questions. (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622, 104 N.E.2d 769.) In determining whether a case falls within such an exception, a court must consider the public nature of the question, the need for an authoritative determination for future guidance of public officers and the likelihood of future recurrence of the question. (411 Ill. 618, 622.) A clear showing of all three factors is needed to bring a case within the public interest exception. *People ex rel. Cairo Turf Club, Inc. v. Taylor* (1954), 2 Ill. 2d 160, 164, 116 N.E.2d 880; *In re Johnson* (1977), 53 Ill. App. 3d 921, 925, 369 N.E.2d 70.

■■ Applying the above principles to the present case, since the 1981 election has already taken place, it has ineluctably rendered moot the 1980 controversy, which is the only election involved in this appeal. (*People ex rel. Lawrence v. Village of Oak Park* (1934), 356 Ill. 154, 156-57, 190 N.E. 286; *People ex rel. Chancellor v. Sweitzer* (1928), 329 Ill. 380, 381, 160 N.E. 747; *Sokolowski v. Board of Election Commissioners* (1967), 89 Ill. App. 2d 60, 62-63, 232 N.E.2d 229.) The relief requested in plaintiffs' complaint, an injunction which, in effect, would have permitted plaintiffs

to participate in the 1980 election, manifestly can no longer be granted. It is equally obvious that the question involved in this controversy, namely, what persons are eligible to vote in an election involving a small private school equipped to teach a limited number of autistic children, fails to fall within the strictures of the public interest exception. Nor is there a need for an authoritative determination to guide the prospective acts of public officers. *In re Johnson* (1977), 53 Ill. App. 3d 921, 924-25; *Hill v. Murphy* (1973), 14 Ill. App. 3d 668, 670-71, 303 N.E.2d 208.

■■ Whether the complaint states a cause of action or whether plaintiffs were improperly barred from seeking leave to amend their complaint cannot be reviewed by reason of mootness. We are constrained to note, however, that the order, entered without benefit of a prior evidentiary hearing, which, in effect, enjoined plaintiffs from participating in the annual election, was erroneous, since, in substance it had the effect of granting permanent injunctive relief without affording the parties an opportunity to present evidence in support of their respective positions. *Pfeffer v. Lebanon Land Development Corp.* (1977), 46 Ill. App. 3d 186, 193-94, 360 N.E.2d 1115; *James B. Beam Distilling Co. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill. App. 3d 176, 178, 300 N.E.2d 488.

■■ Notwithstanding the foregoing, the motion to simply dismiss the appeal cannot be granted, for such a disposition leaves the erroneous order in effect, and may adversely affect the rights of appellants by way of *res judicata.* (*Meyer v. Marshall* (1976), 62 Ill. 2d 435, 438; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 382; *U-Haul Co. v. Town of Cicero* (1980), 87 Ill. App. 3d 915, 919, 410 N.E.2d 286.) To insure that an order below has no such effect, we reverse and remand the cause with directions to vacate the order, and to dismiss both the complaint and countercomplaint. *Board of Education v. Ellis* (1975), 60 Ill. 2d 413, 417, 328 N.E.2d 294; *Maywood Park Trotting Association v. Illinois Harness Racing Com.* (1959), 15 Ill. 2d 559, 563-64, 155 N.E.2d 626; *Bankers Life & Casualty Co. v. City of Chicago* (1961), 21 Ill. 2d 172, 176-77, 171 N.E.2d 577; *Save-At Builders Products Co. v. American Federation of State, County, & Municipal Employees* (1973), 13 Ill. App. 3d 846, 849, 301 N.E.2d 67.

Reversed and remanded with directions.

STAMOS and DOWNING, JJ., concur.