## CIRCUIT COURT OF LOUDOUN COUNTY

Morelli

   v.

Loudoun County School Board

September 14, 1989

Case No. (Chancery) 11809

By JUDGE THOMAS D. HORNE

Petitioners in this cause seek review of a decision of the Loudoun County School Board pursuant to the provisions of § 22.1-87, Code of Virginia, as amended. The statute upon which jurisdiction is founded provides as follows:

> Any parent, custodian, or legal guardian of a pupil attending the public schools in a school division *who is aggrieved by an action* (emphasis added) of the school board may, within thirty days after such action, petition the circuit court having jurisdiction in the school division to review the action of the school board. Such review shall proceed upon the petition, the minutes of the meeting at which the school board's action was taken, the orders, if any, of the school board, an attested copy of the transcript, if any, of any hearing before the school board, and any other evidence found relevant to the issues on appeal by the court. The action of the school board shall be sustained unless the school board exceeded its authority, acted arbitrarily or capriciously, or abused its discre-

tion. Section 22.1-87, Code of Virginia, as amended.

As a predicate to review by this Court, some action need be taken by the School Board. In this case, the action which is alleged to have been taken is reflected in a letter dated November 30, 1988, from Betty S. Poehlman, Chairman of the Loudoun County School Board in which she states:

> We [the School Board] do not feel that this [complaint concerning Ms. Henn] is a matter which should be pursued at this point beyond the review that has been made by the Superintendent.

Subsequent to Petitioner's initiation of the instant action on December 27, 1988, Barbara Henn resigned her teaching position and ceased her employment with the Loudoun County Public Schools, effective April 11, 1989.

Defendant School Board has filed a Plea in Bar. They argue that this cause should be dismissed as "moot" by reason of Ms. Henn's resignation. The Court agrees with the position of the Board and will dismiss the Petition.

A case becomes moot when there are no longer any "live" issues to be decided or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt*, 455 U.S. 478, 102 S. Ct. 1181, 1183 (1982). An exception to this general rule of "mootness" exists in those cases which are "capable of repetition, yet evading review." *Murphy, supra*, at 1183; *In re Times-World Corp.*, 7 Va. App. 317 (1988). In the absence of a class action, in order for the exception to apply, two elements must combine. These elements are: (1) that the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and (2) that there was a reasonable expectation that the same complaining party would be subjected to the same action again. *Murphy, supra*; *Honig v. Doe*, 484 U.S. 910, 108 S. Ct. 592 (1988). In addition, courts have recognized a "public interest" exception to the "mootness" rule. This exception requires that the question: (1) be of a public nature and (2) be such as

284

to require an authoritative determination for future guidance of public officers and (3) have a likelihood of future occurrence. *State ex rel. M.C.H. and S.A.H. v. Jack Kinder, Magistrate, etc., et al.*, 317 S.E.2d 150 (1984); *Kahan, et al. v. Rimland School for Autistic Children, et al.*, 430 N.E.2d 139 (1981).

In the instant case, the "aggrieved" parties seeking review are parents of a child attending Rolling Ridge Elementary School. They suggest that the "action" of the School Board which entitles them to judicial review arises out of a complaint initiated by them of abuse by a teacher of their son. Their son is now an adult and has, for some period of time, not been a student in the Loudoun County public schools. They contend that the School Board acted arbitrarily and capriciously and abused its discretion when, in November, 1988, it failed to investigate further the allegations of sexual abuse. On April 11, 1989, the School Board accepted the resignation of the teacher. She is no longer an employee of the Loudoun County public schools.

There is no suggestion in this case that the School Board failed to follow any written policy or procedure for the handling of such cases. The complaint relates to the handling of a particularized complaint concerning the actions of an individual who is no longer with the public schools in Loudoun County. It is a matter of sheer speculation for this Court to conclude that in the future, a complaint involving an employee other than the teacher in this case, might be handled in a similar fashion. It would be equally a matter of conjecture to, in some way, assume the teacher would return to employment while the Complainant's child remained in the public school system of Loudoun County.

The "action" of the School Board involved a failure to investigate further allegations concerning abuse of a student by a teacher. That teacher has resigned. Assuming, but not deciding, that the action of the Board could be said to have been arbitrary, capricious, and an abuse of discretion, the Complainants no longer have a legally cognizable interest in the outcome. The teacher no longer works for the Loudoun County schools. Were the investigation to be pursued, it would be an investigation without a purpose cognizable under Chapter 7 of Title 22.1 of the

Code of Virginia. Moreover, there is nothing to indicate that the action complained of will recur in the future. At best, this is a request for an advisory opinion on the propriety of past actions of the School Board. To render such an opinion falls outside the review authority of this Court.

Accordingly, the Plea in Bar is sustained and the instant petition is dismissed.