THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* GERALD COHEN *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-1177

Opinion filed May 19, 1977.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellant.

Sherman & Lewis and Arthur J. Cieslik, both of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County of the dismissal of a chancery action brought by the City of Chicago to enjoin the maintenance of a valet shop in a residentially zoned district.

The issue presented for review is whether the defendants have lost their legal nonconforming use in the subject premises when said premises was left vacant for longer than six months.

The property in question is located in an R7 General Residence District at 1347 North Dearborn Street in Chicago, Illinois. It contains 42 dwelling units and a valet shop.

On October 18, 1974, the City of Chicago filed the instant proceeding for a fine and an injunction, alleging the operation of a valet shop in the

subject property was not a permitted use in the zoning district in which it was located.

In their amended answer, the defendants alleged the structure on the subject property was built in about 1925 under proper permits, and it then contained a commercial unit on the ground floor, with an entrance from the lobby of the building.

The cause came for trial before Judge Vazquez on July 9, 1975. On July 20, 1975, the court entered an order dismissing the action.

The City of Chicago filed a petition for rehearing on the ground a witness had been present in court who was able to testify the nonconforming use on the subject premises had been discontinued for a period of six months, a circumstance which abrogated the legality of the nonconforming use, and the witness had not been allowed to testify.

The court set a full hearing on the petition for rehearing on February 18, 1976, and the hearing went forward on that date.

The City of Chicago called Mrs. Betty Herbert as a witness. She testified she had lived at 1347 North Dearborn Street from November 15, 1971, until July 1, 1975, and had been the rental agent for the building from May 1, 1973, until the end of May 1975. She testified the premises in question was vacant when she moved into the building, in November of 1971, and remained vacant until May of 1973.

Gerald Cohen (defendant), the owner of the building, testified for the defense. He stated that in 1970 a company that sold hair spray and cosmetics had occupied the premises now being used as a valet shop. This sales organization had moved out in 1973. Cohen said he then offered the premises for rent and in the meantime used the premises for storage purposes in his own electrical contracting business, which is known as Shaw Electric Company. He testified, "It was vacant because of my inability to obtain a tenant."

At the conclusion of the hearing on February 18, 1976, the court took the matter under advisement. On April 28, 1976, Judge Vazquez entered a judgment order finding "the defendants have a legal non-conforming use in the premises" and dismissing the City of Chicago's complaint.

On May 28, 1976, the City of Chicago filed notice of appeal to this court.

The Chicago Zoning Ordinance (1957), ch. 194A, art. 6, §6.2, provides:
    "Any non-conforming use, building or structure which existed lawfully at the time of the adoption of this comprehensive amendment and which remains non-conforming, and any such use, building or structure which shall become non-conforming upon the adoption of this comprehensive amendment or of any subsequent amendments thereto, may be continued, some for specified and

respective 'periods of time, subject to the regulations which follow."

One of the regulations which follows is section 6.5 of the Chicago Zoning Ordinance, which provides, in pertinent part:

"The lawfully existing non-conforming use of part or all of a building or structure, all or substantially all of which building or structure is designed or intended for a use which is permitted in the district in which it is located may be continued subject to the following provisions:

❋ ❋ ❋

6.5-2 Discontinuance. If a non-conforming use of a building or structure, all or substantially all of which building or structure is designed or intended for a use permitted in the district in which it is located, is discontinued for a period of six consecutive months, it shall not be renewed and any subsequent use of the building or structure shall conform to the use regulations of the district in which the premises are located." Chicago Zoning Ordinance (1957), ch. 194A, art. 6, §6.5 *et seq.*

It is agreed the valet shop is a nonconforming use, and the commercial unit within the building was a legal nonconforming use at the time of the enactment of the zoning ordinance (1957) prohibiting such use. The question is whether the discontinuance of the commercial legal nonconforming use during a time when the owner was unable to find a tenant operates as a forfeiture of his right to such use.

■■ It is undisputed that there was a discontinuation of use of the premises from November of 1971 until May of 1973. Notwithstanding the defendant was unable to find a tenant, this constitutes a discontinuance substantially in excess of the six months allowed by the ordinance. We hold, therefore, discontinuance for a period of six consecutive months, even though involuntary because of inability to find a tenant, operates as a forfeiture of the right to one's pre-existing legal nonconforming use, and forms the basis for injunctive relief in favor of the City of Chicago.

■■ The City of Chicago additionally claims the defendants forfeited their right to a legal nonconforming use because they changed the pre-existing nonconforming use to another nonconforming use, but we need not decide this issue as it is not determinative of this appeal. A reviewing court will ordinarily not consider questions or contentions which are not essential to the determination or final disposition of the cause before it (see *Wheeler v. Aetna Casualty and Surety Co.* (1974), 57 Ill. 2d 184, 311 N.E.2d 134). Similarly, a reviewing court will not consider a question or contention where the result will be the same no matter how such question or contention is decided. See *Griffin v. Rausa* (1954), 2 Ill. 2d 421, 118 N.E.2d 249.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby reversed and the cause is remanded with directions to issue an injunction requiring the defendants to cease zoning violations, and to award any other appropriate relief prayed for in the complaint.

Reversed and remanded with directions.

JOHNSON and LINN, JJ., concur.