THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN BERLIN, Defendant-Appellant.

First District (4th Division)   No. 77-672

Opinion filed March 23, 1978.

Richard E. Steck, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal of a jury verdict and judgment by the circuit court of Cook County convicting the defendant, John Berlin, of the crime of theft. The defendant was sentenced to no less than three nor more than nine years imprisonment.

The issue presented for review is whether the defendant was denied a fair trial when the trial court permitted the prosecution to impeach the defendant with evidence of his use of an assumed name and barred the defense from attempting to rebut that impeaching testimony.

The prosecution presented three police officers as witnesses at trial. They testified that at about 1 a.m. on June 26, 1975, Officer Charles Ford, working in plainclothes, arrived at a subway station at Chicago and State Streets. Seven other officers were positioned in different locations around the intersection. Pretending to be drunk, Ford staggered up the subway stairs, walked about 20 feet to the entrance of a snack shop and leaned against the building. He was approached by Berlin and Ardell Rivers. He was shaken by Berlin, who asked if he was all right, but he did not respond. Meanwhile, Rivers unsuccessfully attempted to remove the officer's wedding band. As a marked police car approached the intersection, the two men walked to the subway entrance, about 25 feet away from Ford, who continued pretending to be drunk. Ford testified the two men appeared to be talking to each other for about three or four minutes, before approaching him again. This time Berlin took Ford by the right arm and upper shoulder and pushed Ford back inside the doorway of the snack shop, again shaking him and asking if he was all right. Ford

did not respond. As Berlin raised Ford's right arm, Rivers grabbed his wrist and removed his watch. Berlin said, "Let's go." Rivers walked back toward the subway entrance and began talking to a woman later identified as Mary Cherry. Rivers handed the watch to Cherry and she entered a nearby tavern. The defendant, Rivers and Mary Cherry were then arrested on the spot.

The defendant testified in his own behalf, admitting his presence but generally denying his participation in the theft.

During cross-examination, the assistant state's attorney asked Berlin:

"Q: Now, sir, is your name Otis Sanders?

A: Yes, it is.

Q: Your name is not Johnny Berlin?

A: No, it's not.

Q: When the police arrested you, you told them your name was Johnny Berlin, didn't you, sir?

A: Yes, I did."

Defense counsel, Clare Hillyard, earlier had made a motion to prevent such impeachment, which was denied by the trial court. On redirect examination, Hillyard asked Berlin if he had any creditors or owed anybody money. Before the defendant answered, the prosecutor objected on the grounds the question was beyond the scope of the cross-examination, and the trial court sustained the objection.

After both sides rested the jury began its deliberations, which resulted in a guilty verdict against the defendant. The court sentenced him to three to nine years in prison. This appeal is from the judgment of conviction.

■■ Evidence which tends to show a defendant has committed acts of misconduct unrelated to the one for which he is being tried is both incompetent and prejudicial. See *People v. Donaldson* (1956), 8 Ill. 2d 510, 134 N.E.2d 776.

Before presenting the defendant's case, defense counsel Clare Hillyard made a motion to prohibit the prosecution from impeaching the defendant by introducing aliases. Although Hillyard urged the defendant's aliases were irrelevant to the present case and prejudicial, because it implied he had been arrested before, the trial court denied the motion. Later, during cross-examination, the prosecutor asked the defendant if his name was Otis Sanders, and the defendant responded affirmatively. In his closing argument, the prosecutor again referred to the defendant's use of an alias. The prosecution, arguing for the admission of the defendant's use of an assumed name, said:

"I don't believe his real name is Johnny Berlin, and in fact, it is not. If he gave the police the name of Johnny Berlin, he lied to the police. That's similar to the evidence of flight, it's an attempt to disguise."

In their appellate brief, the People rely on *People v. Haygood* (1965), 60 Ill. App. 2d 70, 208 N.E.2d 373, where it was found:

> "The assumption of a fictitious name would be an indication of flight because it discloses the intention to conceal one's identity and to evade arrest." *Haygood*, 60 Ill. App. 2d 70, 78.

The facts in *Haygood*, however, show Haygood was involved in a fight where the participants had later left the area before police arrived. When Haygood was arrested about a month later, he gave a name different than Haygood. At trial this evidence of an assumed name was introduced for the purpose of showing flight.

The facts in the case at bar show the suspects were arrested immediately after the occurrence and flight was not in issue.

Nowhere in the record were questions of flight or attempt to disguise raised, nor were such questions material or relevant to the issue of the defendant's guilt. Using the defendant's alias as evidence of a prior inconsistent statement to impeach his credibility was improper and prejudicial. The defendant's identity was simply not at issue in this case. The only remaining purpose of adducing this evidence was to raise an inference the defendant employed an assumed name to evade apprehension for criminal activity. Such evidence is highly prejudicial. See *People v. Dukes* (1957), 12 Ill. 2d 334, 146 N.E.2d 14.

■■ It was improper to ask the defendant questions of his assumed name. Once the fact of the defendant's assumed name was before the jury, however, he should have been given the opportunity to explain the inconsistency. (*People v. Hicks* (1963), 28 Ill. 2d 457, 192 N.E.2d 891; *People v. Allen* (1976), 36 Ill. App. 3d 821, 344 N.E.2d 825.) Upon redirect examination, defense counsel attempted to rebut the impeaching testimony with a line of questioning designed to show the defendant's use of an alias was not to hide any wrongdoing. Yet, when she began to ask the defendant whether he had any creditors, the trial court sustained the prosecution's objection on the ground the question was beyond the scope of the cross-examination.

The trial court consequently compounded the error of introducing the alias when it prohibited defense counsel from attempting to show the defendant did not use the alias to conceal a life of crime. In so doing, the trial court indicated to the jury the evidence on the defendant's assumed name was material and the jury could and should consider it in evaluating the defendant's credibility. Incompetent and prejudicial evidence of the defendant's assumed name was used by the prosecution solely to reflect unfavorably on the defendant's character, to label him as a "bad man." The trial court's sustaining of this evidence and its refusal to permit defense counsel to attempt to rehabilitate the defendant once so impeached, gave the evidence an unwarranted gloss of legitimacy which

the jury could not fail to take into consideration, thus denying the defendant a fair trial. For this reason the defendant's conviction cannot stand. It is unfortunate these trial errors negate excellent police work.

The defendant, in his appellate brief, also raised the issues of whether he was prohibited from adequately cross-examining the People's witnesses, whether the court erred in prohibiting the defendant from testifying about his intent, whether the prosecutor's closing arguments were prejudicial and whether the court erred in·refusing to give an instruction tendered by the defense. We, however, need not decide these issues as they are not determinative of this appeal. See *City of Chicago v. Cohen* (1977), 49 Ill. App. 3d 342, 364 N.E.2d 335.

A reviewing court will ordinarily not consider questions or contentions which are not essential to the determination or final disposition of the cause before it. (See *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 311 N.E.2d 134.) Similarly, a reviewing court will not consider a question or contention where the result will be the same no matter how such question or contention is decided. See *Griffin v. Rausa* (1954), 2 Ill. 2d 421, 118 N.E.2d 249.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby reversed and the cause is remanded for a new trial.

Reversed and remanded for a new trial.

JOHNSON, P. J., and LINN, J., concur.