(No. 68019.—

JEFFREY CONDON, Appellant, v. AMERICAN TELE-PHONE AND TELEGRAPH COMPANY, INC., Appellee.

*Opinion filed April 18, 1990.*

Robert Gonnella, of Chicago, for appellant.

Gary L. Taylor and Tracy D. Kasson, of Rathje,

Woodward, Dyer & Burt, of Wheaton, for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Jeffrey Condon, brought this action against defendant, American Telephone and Telegraph Company, Inc., in the circuit court of Du Page County. Plaintiff alleges that defendant, his former employer, wrongfully demoted and dismissed him when defendant's management employees failed to adhere to policy directives published in defendant's manual for employer policy, and that defendant wrongfully failed to award plaintiff termination pay. The circuit court directed a verdict in favor of defendant on the issue of wrongful demotion and dismissal. However, during the course of the trial, the trial judge made a statement intimating that section 2—1003(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1003(c)), dealing with the disclosure of expert witnesses during the course of discovery, was unconstitutional. Pursuant to Supreme Court Rule 302(a) (107 Ill. 2d R. 302(a)), we granted plaintiff leave to appeal directly to this court.

Plaintiff presents two issues to this court on review: first, whether section 2—1003(c) of the Code of Civil Procedure is constitutional, and second, whether the trial court erred in directing a verdict in favor of defendant on the issues of wrongful dismissal and demotion. However, after reviewing the record in the case at bar, we hold that deciding the issue of section 2—1003(c)'s constitutionality was not necessary to the disposition of plaintiff's case. Therefore, this court vacates that part of the trial court's order declaring section 2—1003(c) unconstitutional.

We will discuss the events at trial only to the extent needed to explain our holding. The crux of plaintiff's argument at trial was that defendant had a long-standing

employee development policy embodied in a published personnel guide. Plaintiff contended that this published guidebook constituted an implied employment contract and that, when defendant allegedly dismissed him without following policy guidelines, the implied contract was breached.

During his case in chief, plaintiff attempted to present an expert witness to testify regarding plaintiff's economic damages. Defendant objected because plaintiff had not disclosed this witness under Supreme Court Rule 220(b) (107 Ill. 2d R. 220(b)). The trial court sustained the objection and barred the witness from testifying.

At the close of his case in chief, plaintiff presented a motion for rehearing as to the court's ruling that the expert could not testify. In that motion, plaintiff argued that section 2—1003(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1003(c)) allows a party to withhold the names of witnesses, except that "upon motion of any party disclosure of the identity of expert witnesses shall be made to all parties," and that Rule 220 states that a party must disclose a testifying expert within 90 days of discovering the substance of that expert's opinion or at the first pretrial conference (107 Ill. 2d R. 220(b)). Plaintiff claimed that the statute and rule, read together, make expert witness disclosure mandatory only upon the motion of the opposing party. The trial court, in denying the rehearing motion, noted that Rule 220's language requires mandatory disclosure and stated that "[i]f the rule doesn't require [a motion requesting disclosure] and the statute does, they are in conflict. Then the rule will prevail[,] *** [a]nd any [legislative] attempt to attack [the] right of the judiciary to control the court process is unconstitutional."

After denying plaintiff's motion for rehearing, the trial court granted defendant's motion for a directed ver-

dict on the issue of contract liability. The court explained that defendant's personnel guide contained disclaimers which clearly prevented plaintiff from relying on the guide as a contract; in effect, there never was an implied contract, and plaintiff had never been more than an employee at will. Further, the court stated that plaintiff was never actually discharged, because defendant had made another position available to plaintiff, which he refused to accept.

Plaintiff then petitioned this court for leave to appeal under Supreme Court Rule 302(a) (107 Ill. 2d R. 302(a) ("Appeals from final judgments of circuit courts shall be taken directly to the Supreme Court \*\*\* in cases in which a statute \*\*\* of this State has been held invalid")) based on the trial court's statement that section 2—1003(c) was unconstitutional.

Courts of review will not decide moot or abstract questions, will not review cases merely to establish precedent, and will not render advisory opinions. (*People ex rel. Partee v. Murphy* (1990), 133 Ill. 2d 402, 408; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379; *United Nuclear Corp. v. Energy Conversion Devices, Inc.* (1982), 110 Ill. App. 3d 88, 111.) Courts of review will also ordinarily not consider issues that are not essential to the disposition of the causes before them (see *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 189), or where the results are not affected regardless of how the issues are decided (*City of Chicago v. Cohen* (1977), 49 Ill. App. 3d 342, 344, citing *Griffin v. Rausa* (1954), 2 Ill. 2d 421; see generally *Dee-El Garage, Inc. v. Korzen* (1972), 53 Ill. 2d 1 (no real question presented affecting the interests of the parties; court declined to render decision solely for purpose of establishing precedent)). The record in this case indicates that deciding the issue of the constitutionality of section

2—1003(c) is unnecessary for the purpose of plaintiff's appeal.

The issue of whether interpreting section 2—1003(c) and Rule 220(b) together either would allow plaintiff to present his expert without prior disclosure or would lead to a court's striking down section 2—1003(c) as an unconstitutional legislative invasion of the judiciary's rule-making power is rendered moot by the trial court's directed verdict on the issue of contract liability. A court must direct a verdict in cases in which all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the moving party that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510.) In determining whether to direct a verdict, the trial court must first determine whether the plaintiff has established a *prima facie* case by presenting at least some evidence on every element essential to his cause of action. If not, the defendant is entitled to judgment as a matter of law. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154-55.) Because the trial court directed a verdict in defendant's favor on the issue of whether the personnel guide was an implied contract, no contract existed as a matter of law. Therefore, any issue regarding damages stemming from a breach of that alleged contract is moot. As we stated, a court of review can only consider issues germane to the decision in the court below. Therefore, it is improper for us to review an issue which will not affect the outcome of the case. The only issue that affected the judgment of the trial court, and the only issue on which plaintiff can legitimately base his appeal, is the propriety of the directed verdict.

The only contention in plaintiff's case that could have invoked the jurisdiction of this court for the purpose of direct appeal was the issue of the unconstitutionality of a State statute. (See 107 Ill. 2d R. 302(a).) This issue is

moot, and, this court having vacated that portion of the order finding section 2—1003(c) unconstitutional as unnecessary to the trial court's decision, this cause is therefore transferred to the Appellate Court for the Second District to review the remaining issues.

*Order vacated;*
*cause transferred.*