Donald W. MANNING, Plaintiff,

v.

BOARD OF TRUSTEES OF COMMUNITY COLLEGE DISTRICT NO. 505 (PARKLAND COLLEGE), Defendant.

No. 98–CV–2013.

United States District Court, C.D. Illinois, Danville/Urbana Division.

Aug. 3, 2000.

---

Kathryn E. Ross, John M. Murphy, Pattishall, McAuliffe, Newbury, Hilliard and Geraldson, Chicago, IL, for plaintiff.

Paul R. Cole, Erwin, Martinkus, Cole & Ansel, Champaign, IL, for plaintiff.

Michael R. Cornyn, Thomas, Mamer & Haughey, Champaign, IL, for defendant.

## ORDER

McCUSKEY, District Judge.

This case is before the court for ruling on the Motion for Summary Judgment (# 38) filed by Defendant, Board of Trustees of Community College District No. 505 (Parkland College) and the Motion for Reconsideration (# 45) filed by Plaintiff, Donald W. Manning. Following a careful consideration of all of the arguments of the parties, Defendant's Motion for Summary Judgment (# 38) is GRANTED and Plaintiff's Motion for Reconsideration (# 45) is DENIED.

### FACTS

Parkland College is a community college located in Champaign, Illinois. It is governed by the Board of Trustees of Community College District No. 505. Plaintiff was hired by Parkland College in October 1979 as a full-time professional staff photographer. Plaintiff was paid a yearly salary for his work. Plaintiff's duties included taking educationally-related photographs for classroom use and taking photographs for promotional and advertising use. Plaintiff used Parkland College's equipment to take the photographs. Parkland College paid for all of

the materials Plaintiff used for producing the photographs and provided three darkrooms for film processing. Plaintiff also sometimes had student assistants who were paid by Parkland College. In addition, Plaintiff received professional development funds from Parkland College to improve himself professionally while he was employed at Parkland College. During the early years of his employment, Plaintiff had an annual employment contract with Parkland College. These annual employment contracts included a statement that each agreement was in "consideration of the mutual covenants and agreements as set forth in the *Parkland College Policy Manual*." After June 1991, Parkland College entered into a collective bargaining agreement with all of its union-represented staff, including Plaintiff. In June 1996, Parkland College eliminated the position of staff photographer, and Plaintiff's employment was terminated.

On January 22, 1998, Plaintiff filed a Complaint (# 1) against Parkland College. He filed an Amended Complaint (# 10) on March 24, 1998. Plaintiff alleged that his annual employment contracts and the subsequent collective bargaining agreements incorporated the Parkland College Policy Manual (Policy Manual). Plaintiff further alleged that the Policy Manual included a copyright policy. This copyright policy stated:

> Members of the staff who develop materials ... shall have complete copyrights to such materials and all royalties which may accrue from such materials unless [Parkland College] and the staff member have previously entered into an agreement for [Parkland College] to support a project for the specific purpose of producing such materials. Under such an agreement, [Parkland College] shall hold the copyright.

Based upon Parkland College's copyright policy included in the Policy Manual, Plaintiff claimed that he owned all right, title and interest in the photographs he took

between 1980 and 1996. In July 1996, he registered one collection of these photographs with the United States Copyright Office as the Photographic Works of Don Manning, Vol. I, Registration Number VA 373–426. A copy of the registration form, dated July 26, 1996, was attached as Exhibit A to Plaintiff's original Complaint in this case. Plaintiff sought: (1) an order permanently enjoining Parkland College from using the photographs created or developed by Plaintiff during his employment; (2) an order requiring Parkland College to return to Plaintiff all photographic images created by Plaintiff; and (3) damages, costs and attorney fees.

On May 25, 2000, Parkland College filed a Motion for Summary Judgment (# 38). Parkland College also filed a Memorandum of Law in Support (# 39), a Statement of Uncontested Facts (# 40) and Supporting Exhibits (# 41). Parkland College argued that the undisputed facts show that it owns the copyright to the photographs taken by Plaintiff during the course of his employment. Parkland College included in its Exhibits the transcript of the deposition of Steve Nice, Parkland College's director of human resources. Nice testified that the copyright provision in the Policy Manual was adopted in the early 1980s to address issues related to faculty members who write and edit textbooks. Nice stated that the copyright policy means that a staff member who authors a textbook or writes a research paper owns the copyright to the work. However, Nice indicated that the copyright provision means that when an employee is being paid by Parkland College to produce the work, Parkland College owns the copyright. Nice opined that Plaintiff did not own the copyrights to the photographs because "he was hired by the college to take photographs for the college's use and that is what he was paid for."

On June 15, 2000, Plaintiff filed a Memorandum in Response to Parkland College's Motion for Summary Judgment (# 43).

Plaintiff did not file a Response to Parkland College's Statement of Uncontested Facts. Accordingly, this court has assumed that Plaintiff has admitted all facts stated by Parkland College which are supported by admissible evidence. *See Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir.1994).

## ANALYSIS

## I. PARKLAND COLLEGE'S MOTION FOR SUMMARY JUDGMENT

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see also *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. *Waldridge,* 24 F.3d at 920. In making this determination, the court must consider the evidence in the light most favorable to the party opposing summary judgment. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). However, in this case, the facts are essentially undisputed. This court must determine, based on the facts presented, whether Parkland College is entitled to a judgment as a matter of law. *See Celotex Corp.,* 477 U.S. at 322–23, 106 S.Ct. 2548. Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548.

### B. COPYRIGHT

■ The Copyright Act of 1976 (Copyright Act) provides:

In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright. 17 U.S.C. § 201(b).

Accordingly, if the work is made for hire, the employer owns the copyright unless there is a written agreement to the contrary. *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 737, 109 S.Ct. 2166, 104 L.Ed.2d 811 (1989); *see also Harris Custom Builders, Inc. v. Hoffmeyer,* 92 F.3d 517, 519 (7th Cir.1996), *cert. denied,* 519 U.S. 1114, 117 S.Ct. 956, 136 L.Ed.2d 842 (1997). The Copyright Act defines a "work made for hire" as "a work prepared by an employee within the scope of his or her employment." 17 U.S.C. § 101; *Baltimore Orioles,. Inc. v. Major League Baseball Players Ass'n,* 805 F.2d 663, 667 (7th Cir.1986), *cert. denied,* 480 U.S. 941, 107 S.Ct. 1593, 94 L.Ed.2d 782 (1987).

■ The parties do not dispute that Plaintiff was hired as a photographer and that the photographs at issue were prepared within the scope of Plaintiff's employment. Accordingly, there is no dispute that the photographs are works "made for hire." *See Marco v. Accent Publ'g Co.,* 969 F.2d 1547, 1549 (3d Cir.1992) (photographs classified as "made for hire" if "prepared by an employee within the scope of his or her employment"). In that situation, the employer is considered the author of the works made for hire and is presumed to own the copyright. *See Moran v. London Records, Ltd.,* 827 F.2d 180, 182–83 (7th Cir.1987); *Baltimore Orioles, Inc.,* 805 F.2d at 670; *Arthur Retlaw & Assoc. v. Travenol Lab., Inc.,* 582 F.Supp. 1010, 1013–14 (N.D.Ill.1984).

However, as noted, the Copyright Act provides for an exception to this rule if "the parties have expressly agreed otherwise in a written instrument signed by them." 17 U.S.C. § 201(b). By the terms of the statute, the agreement must be in writing and must be signed by both parties. The statutory language is "signed by them," that is, by both parties, and it means what it says. *See Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 412 (7th Cir.1992). The Seventh Circuit has noted that one reason a signed statement is required is "to make the ownership of property rights in intellectual property clear and definite, so that such property will be readily marketable." *See Schiller & Schmidt*, 969 F.2d at 412. This is consistent with Congress' goal in revising the 1976 Act "of enhancing predictability and certainty of copyright ownership." *See Community for Creative Non–Violence*, 490 U.S. at 749, 109 S.Ct. 2166. Therefore, there must be a sufficient writing to rebut the presumption that the employer retains the copyright in a work made for hire. *Miller v. CP Chem., Inc.*, 808 F.Supp. 1238, 1242 (D.S.C.1992). It is the employee's burden to show the existence of a writing granting the employee the copyright in any work made for hire. *Miller*, 808 F.Supp. at 1244. Unwritten understandings or writings not containing the signatures of both parties are insufficient to rebut the presumption. *Miller*, 808 F.Supp. at 1244 (*citing Arthur Retlaw & Assoc.*, 582 F.Supp. at 1014).

Parkland College argues that it is entitled to summary judgment because Plaintiff has failed to show an express signed agreement as required by the Copyright Act. Parkland College notes that Plaintiff's claim of a writing is premised on the collective bargaining agreement and the Policy Manual. Parkland College argues that these documents do not meet the express agreement and signature requirements of the statute.

In his Response, Plaintiff does not argue that he and Parkland College ever actually agreed that he would have the copyright in all of the photographs he took during his employment with Parkland College. Instead, Plaintiff argues that an employer's policy statement may create an enforceable contract under *Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 115 Ill.2d 482, 106 Ill.Dec. 8, 505 N.E.2d 314, 318 (1987). Plaintiff noted that, in *Duldulao*, the Illinois Supreme Court held that an employee handbook or other policy statement creates enforceable contractual rights if: (1) the language of the policy statement contains a clear promise; (2) the statement is disseminated to the employee; and (3) the employee accepts the offer by commencing or continuing to work after learning of the policy statement. *See Duldulao*, 106 Ill.Dec. 8, 505 N.E.2d at 318. Plaintiff contends that, because the copyright provision in the Policy Manual contains a clear statement as to copyright ownership and Plaintiff received a copy of the Policy Manual and continued to work for Parkland College after receiving the Policy Manual, the copyright provision "should be deemed a binding contract between the parties regarding the subject of copyright ownership." Plaintiff further argues that the copyright provision in the Policy Manual was incorporated into the annual employment contracts signed by Plaintiff and Parkland College and the collective bargaining agreements in force between 1991 and 1996. Plaintiff argues that the collective bargaining agreements were signed by Plaintiff's union representative and should be considered signed by Plaintiff. Plaintiff contends that these documents were "written instruments" signed by the parties which provided that Plaintiff is the owner of the copyright to the photographs. This court disagrees with Plaintiff's argument.

Section 201(b) of the Copyright Act requires that "an agreement altering the statutory presumption be both *written* and *express*." *Baltimore Orioles, Inc.*, 805 F.2d at 672 (emphasis in original). The Seventh Circuit has held that, in essence, "this provision is a statute of frauds."

*Baltimore Orioles, Inc.,* 805 F.2d at 672. The Seventh Circuit also stated that the parties' agreement altering the statutory presumption that the employer owns the copyright in a work made for hire "must appear on the face of the signed written document." *Baltimore Orioles, Inc.,* 805 F.2d at 672.

■ In this case, there is no signed written instrument which states, on its face, that Plaintiff owns the copyright in the photographs. Moreover, this court concludes that Plaintiff's argument based upon *Duldulao* must fail. The type of employment contract recognized by the court in *Duldulao* has consistently been considered an *implied* contract. *See, e.g., Condon v. American Telephone & Telegraph Co.,* 136 Ill.2d 95, 143 Ill.Dec. 271, 554 N.E.2d 206, 208 (1990) (issue was whether published guidebook constituted an implied employment contract); *Wood v. Wabash County,* 722 N.E.2d 1176, 1177–78 (1999), *app. denied,* 188 Ill.2d 585, 246 Ill.Dec. 132, 729 N.E.2d 505 (2000) (in considering whether a personnel policy handbook was sufficient to establish an implied employment contract, court noted that "an implied-in-fact contract exists when a promissory expression may be inferred from the facts and circumstances and the expressions on the part of the promisor"). Here, even if this court agreed with Plaintiff that the language of the copyright policy was sufficient to create an implied contract, it would not help Plaintiff. An agreement altering the statutory presumption under the Copyright Act must be *express. Baltimore Orioles, Inc.,* 805 F.2d at 672.

Plaintiff has not shown an express agreement signed by both parties which states, on its face, that Plaintiff has the copyright in the photographs. Therefore, Plaintiff has not met his burden to show a sufficient writing to rebut the presumption that Parkland College retained the copyright in the photographs, which were works "made for hire." *See Miller,* 808 F.Supp. at 1242; *see also, Baltimore Orioles, Inc.,* 805 F.2d at 672–73.

Accordingly, this court agrees with Parkland College that there are no genuine issues of material fact as to the ownership of the copyright in the photographs. *See Baltimore Orioles, Inc.,* 805 F.2d at 673. This court concludes that the parties did not expressly agree to rebut the statutory presumption that the employer owns the copyright in a work made for hire. *See Baltimore Orioles, Inc.,* 805 F.2d at 673. Accordingly, Parkland College owns the copyright in the photographs and is entitled to judgment as a matter of law. Therefore, Parkland College's Motion for Summary Judgment (# 38) is GRANTED.

## II. PLAINTIFF'S REQUEST FOR RECONSIDERATION

On June 28, 2000, Plaintiff filed a Request for Reconsideration (# 45) asking this court to find that an Order (# 42) entered by Magistrate Judge David G. Bernthal was clearly erroneous and contrary to law. This court has reviewed the Magistrate Judge's Order and Plaintiff's arguments. This court disagrees with Plaintiff and concludes that the Magistrate Judge's Order should stand. This court additionally notes that the Order involved the resolution of a discovery dispute related to the issue of damages. Because this court has entered judgment in favor of Parkland College, the discovery matter is now moot.

IT IS THEREFORE ORDERED THAT:

(1) Parkland College's Motion for Summary Judgment (# 38) is GRANTED. Judgment is entered in favor of Parkland College and against Plaintiff.

(2) Plaintiff's Motion for Reconsideration (# 45) is DENIED.

(3) This case is terminated. The parties shall be responsible for their own court costs.