Filed 8/13/08       NO. 4-07-0658

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| ECONOMY FIRE & CASUALTY COMPANY; | ) | Appeal from |
| ST. PAUL FIRE & MARINE INSURANCE | ) | Circuit Court of |
| COMPANY; METLIFE AUTO & HOME; and | ) | Champaign County |
| METROPOLITAN PROPERTY & CASUALTY | ) | No. 00CH118 |
| INSURANCE COMPANY and Its Affiliates, | ) | |
| Warwrick, Rhode Island, | ) | |
|     Plaintiffs and | ) | |
|     Counterdefendants- | ) | |
|     Appellees and Cross- | ) | |
|     Appellants, | ) | |
|     v. | ) | |
| HOLLIS L. BRUMFIELD, | ) | |
|     Defendant and | ) | |
| Counterplaintiff- | ) | |
| Appellant and Cross- | ) | |
| Appellee, | ) | |
|     and | ) | |
| MICHAEL J. DREWES; CONSTANCE DREWES; | ) | |
| BEAU DREWES; ZACHARY FITZPATRICK; DAN | ) | |
| FITZPATRICK; CINDY FITZPATRICK; | ) | |
| STEVE MILLER, Trustee in Bankruptcy | ) | |
| for the Estate of BEAU DREWES and | ) | |
| MICHAEL J. DREWES; AMERICAN FAMILY | ) | |
| INSURANCE COMPANY; and PERSONALCARE | ) | Honorable |
| HEALTH MANAGEMENT, INC., | ) | Harry E. Clem, |
|     Defendants. | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

This litigation arises from an October 1999 car accident, in which defendant Beau Drewes, who was driving a vehicle owned by his father and defendant Michael Drewes, struck a vehicle driven by defendant and counterplaintiff-appellant and cross-appellee Hollis L. Brumfield.  Michael's car was insured by plaintiff and counterdefendant-appellee and cross-appellant

Economy Fire and Casualty Company (Economy Fire), a subsidiary of St. Paul Fire and Marine Insurance Company (St. Paul). St. Paul was sold to Metlife Auto and Home (Metlife), a branch of Metropolitan Property and Casualty Insurance Company and its affiliates (Metropolitan) (St. Paul, Metlife, and Metropolitan are collectively referred to as counterdefendants). Brumfield brought suit and obtained a judgment against Beau. Economy Fire had declined to defend Beau and had filed this declaratory-judgment action. Beau assigned any cause of action he had against Economy Fire to Brumfield, who filed a counterclaim in this case, asserting Economy Fire breached its duty to defend Beau.

Brumfield appeals several orders of the Champaign County circuit court that resulted in him being denied damages after the court had found Economy Fire breached its duty to defend Beau. On appeal, he contends Economy Fire's breach of the duty to defend Beau caused Beau damages because (1) Beau lost the opportunity to settle Brumfield's claim against him and (2) the judgment against Beau would have been less if he had been represented by counsel. We affirm.

## I. BACKGROUND

At the time of the October 1999 accident, one of Beau's passengers was defendant Zachary Fitzpatrick, whose parents are defendants Dan and Cindy Fitzpatrick. The Fiztpatricks' suit

against Beau and Michael is not raised by the parties in this appeal.  Additionally, we note defendant Constance Drewes is Beau's mother and Michael's wife and was a named insured on the insurance policy with Economy Fire.

On January 18, 2000, Brumfield filed a negligence complaint against Beau based on the October 1999 accident.  The complaint did list Michael as a respondent in discovery but did not raise any allegations against him.  Beau's permission to use Michael's vehicle was not raised by the complaint.  In a January 27, 2000, letter, an insurance agent of St. Paul informed Beau that, based on his and Michael's statements, it was clear Beau was not a permissive driver at the time of the October 1999 accident.  Thus, the insurer denied coverage to Beau under his parents' policy, and the agent informed Beau that "any claims which may be made against you will be your personal responsibility."

In July 2000, Economy Fire filed a declaratory-judgment action, seeking a judgment that Beau was entitled to neither a defense nor indemnity in Brumfield's suit because Beau did not have Michael's permission to drive the vehicle involved in the accident.  In August 2000, Brumfield filed an amended complaint, raising negligent-entrustment and spoliation-of-evidence claims against Michael.  The negligent-entrustment count alleged that Michael entrusted his vehicle to Beau, "who was, therefore,

operating said vehicle with the permission of [Michael] at the time of the collision." Brumfield attached his amended complaint to his answer in the declaratory-judgment case.

In September 2000, Economy Fire and the other counterdefendants filed a motion for a default judgment against Michael, Constance, and Beau in the declaratory-judgment action. Brumfield filed an objection to the default-judgment motion. In November 2000, a default judgment was entered against Beau in the Brumfield suit. In December 2000, the trial court held a hearing on Economy Fire's default-judgment motion. Beau did not appear at the hearing, but Brumfield did. The court granted Economy Fire's motion.

In January 2002, a jury found in favor of Brumfield on the negligent-entrustment count and awarded him a $468,958.24 judgment. Economy Fire paid Brumfield the $100,000 bodily-injury limit.

In April 2002, Michael and Beau individually filed for bankruptcy under chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§701 through 784 (2000)). In July 2002, defendant Steve Miller, the trustee in bankruptcy for Michael's and Beau's estates, filed a motion for substitution of parties, seeking to be substituted as a defendant in place of Michael and Beau. The parties did not object to the motion, and the trial court allowed it. Miller also filed a motion to set aside the default judgment

- 4 -

against Michael and Beau, which the court granted after a September 2002 hearing.

In October 2002, Miller filed, <u>inter</u> <u>alia</u>, a counterclaim against Economy Fire and the other counterdefendants. The counterclaim alleged Economy Fire had a duty to provide a defense for Beau in the Brumfield suit. That same month, Miller entered into an agreement with Brumfield, under which Miller assigned any cause of action the bankruptcy estates may have against Economy Fire and the other counterdefendants. In January 2003, the trial court granted Miller's motion to substitute Brumfield in his place as counterplaintiff.

In September 2003, Brumfield filed a first-amended counterclaim, asserting breach of contract. Brumfield contended, <u>inter</u> <u>alia</u>, (1) Economy Fire had a duty to defend Beau, (2) Economy Fire had a conflict in representing and defending both Beau and Michael in Brumfield's suit, (3) Economy Fire had a duty to notify Beau of the conflict and his right to independent counsel, (4) Economy Fire negligently or in bad faith informed Beau any claims against him were his personal responsibility, and (5) Economy Fire had the opportunity to settle the claim against Beau for $100,000, and thus Beau suffered damages in the amount of the judgment over $100,000. That same month, Economy Fire and the other counterdefendants filed a motion to dismiss the first-amended counterclaim.

In January 2004, the trial court granted the motion to dismiss with prejudice, finding Brumfield needed to prove Economy Fire acted in bad faith with Beau in this matter and under no set of circumstances could Brumfield plead facts constituting bad faith. Brumfield appealed, and this court concluded Brumfield did not need to plead facts alleging Economy Fire acted in bad faith to recover damages in excess of the policy limits. Thus, we reversed the trial court's order on the motion to dismiss and remanded the cause for further proceedings. Economy Fire & Casualty Co. v. Brumfield, No. 4-04-0142 (December 13, 2004) (unpublished order under Supreme Court Rule 23).

In January 2006, Economy Fire and the other counterdefendants filed a motion for summary judgment on Brumfield's first-amended counterclaim. That same month, Brumfield also filed a motion for summary judgment on his counterclaim, asserting Economy Fire breached its duty to defend Beau because it did not defend Beau or offer to pay for an independent defense. In August 2006, the trial court entered a written judgment on the cross-motions for summary judgment, finding a conflict of interest existed between Beau and Michael and thus Economy Fire was obligated to notify Beau and offer to pay for independent counsel to represent his interests. The court found Economy Fire had breached its duty to defend Beau and granted Brumfield's motion for summary judgment as to that liability

issue.  It denied (1) the remainder of Brumfield's motion for summary judgment and (2) Economy Fire and the other counterdefendants' motion for summary judgment.

In September 2006, Brumfield filed a motion for summary determination of major issues, seeking to have the trial court determine whether he would be permitted to meet his burden of proving proximate causation of damages by showing Economy Fire's breach of the duty to defend caused Beau to lose a settlement opportunity prior to trial.  That same month, counterdefendants filed a motion for reconsideration of summary judgment.  On February 27, 2007, the court denied both motions.  Brumfield filed a motion to reconsider the denial of his motion for summary determination of major issues, which the court also denied.  In June 2007, the court held a hearing on the issue of damages.  At the close of Brumfield's case, Economy Fire and the other counterdefendants made a motion for a directed verdict, which the court granted.  On July 6, 2007, the court entered a written order memorializing the directed-verdict finding.

On August 2, 2007, Brumfield filed a timely notice of appeal from the trial court's July 6, 2007, and February 27, 2007, orders.

## II. ANALYSIS

### A. Breach of the Duty To Defend

We first address Economy Fire and the other

counterdefendants' argument the trial court erred by granting Brumfield a partial summary judgment on the issue of breach of the duty to defend Beau because (1) if the court's ruling was erroneous, the damages issues would be moot and (2) we may affirm the trial court's judgment on any basis the record supports (Stoll v. United Way of Champaign County, Illinois, Inc., 378 Ill. App. 3d 1048, 1051, 883 N.E.2d 575, 578 (2008)). We review de novo the trial court's ruling on a motion for summary judgment. See Governmental Interinsurance Exchange v. Judge, 221 Ill. 2d 195, 215, 850 N.E.2d 183, 195 (2006).

When determining whether an insurer owes its insured a duty to defend, courts compare the allegations contained in the complaint against the insured to the relevant language of the insurance policy. General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods Co., 215 Ill. 2d 146, 154-55, 828 N.E.2d 1092, 1098 (2005). In doing so, courts liberally construe the complaint's allegations in favor of the insured. Midwest Sporting Goods, 215 Ill. 2d at 155, 828 N.E.2d at 1098. If the facts alleged in the complaint against the insured fall within or potentially fall within the policy's coverage, the insurer has a duty to defend the insured "even if the allegations are groundless, false[,] or fraudulent." Midwest Sporting Goods, 215 Ill. 2d at 155, 828 N.E.2d at 1098. Thus, "[a]n insurer may not justifiably refuse to defend an action against its insured unless

it is clear from the face of the underlying complaint that the allegations set forth in that complaint fail to state facts that bring the case within or potentially within the insured's policy coverage." Midwest Sporting Goods, 215 Ill. 2d at 154, 828 N.E.2d at 1098.

When an insurer takes the position a complaint potentially alleging coverage is not covered by a policy that provides the insurer has the right and duty to defend any claims brought against the insured, the insurer cannot simply refuse to defend the insured but must either (1) defend the suit under a reservation of rights or (2) seek a declaratory judgment that no coverage exists. Murphy v. Urso, 88 Ill. 2d 444, 451, 430 N.E.2d 1079, 1082 (1981); see also State Farm Fire & Casualty Co. v. Martin, 186 Ill. 2d 367, 371, 710 N.E.2d 1228, 1230-31 (1999); Midwest Sporting Goods, 215 Ill. 2d at 155, 828 N.E.2d at 1098. Our supreme court has emphasized those "are separate and distinct options." Martin, 186 Ill. 2d at 373, 710 N.E.2d at 1231. If the insurer does not take one of the aforementioned actions, "it will be estopped from later raising policy defenses to coverage." Martin, 186 Ill. 2d at 371, 710 N.E.2d at 1231; see also Employers Insurance of Wausau v. Ehlco Liquidating Trust, 186 Ill. 2d 127, 150-51, 708 N.E.2d 1122, 1134-35 (1999).

The estoppel doctrine "arose out of the recognition that an insurer's duty to defend under a liability[-]insurance

policy is so fundamental an obligation that a breach of that duty constitutes a repudiation of the contract." Ehlco Liquidating Trust, 186 Ill. 2d at 151, 708 N.E.2d at 1135. "This estoppel doctrine applies only where an insurer has breached its duty to defend." Ehlco Liquidating Trust, 186 Ill. 2d at 151, 708 N.E.2d at 1135.

Our supreme court has recognized a narrow exception to the estoppel doctrine for "a serious conflict of interest that precludes the insurer from assuming the insured's defense." Ehlco Liquidating Trust, 186 Ill. 2d at 156, 708 N.E.2d at 1137, citing Murphy, 88 Ill.2d at 451-58, 430 N.E.2d at 1082-86; Thornton v. Paul, 74 Ill. 2d 132, 152, 159, 384 N.E.2d 335, 343, 346 (1978), overruled on other grounds by American Family Mutual Insurance Co. v. Savickas, 193 Ill. 2d 378, 387, 739 N.E.2d 445, 450-51 (2000). The reason for this exception is that, in certain circumstances, the insurer's defense of the insured or putative insured raises serious ethical problems. Murphy, 88 Ill. 2d at 453-54, 430 N.E.2d at 1083-84. When a conflict exists, the insurer's only option is to decline to defend the putative insured. See Murphy, 88 Ill. 2d at 457-58, 430 N.E.2d at 1085. The insurer remains liable for the costs of whatever defense the putative insured chooses but is not estopped from denying cover-age in a later suit on the policy. See Murphy, 88 Ill. 2d at 457-58, 430 N.E.2d at 1085.

- 10 -

Here, Economy Fire argued no duty to defend based on statements from the Drewes and not because the allegations in Brumfield's complaint fell outside of Michael and Constance's policy coverage.  Thus, Economy Fire could not "justifiably refuse" to defend Beau (Midwest Sporting Goods, 215 Ill. 2d at 154, 828 N.E.2d at 1098), unless the conflict-of-interest exception prevented it from defending him (see Ehlco Liquidating Trust, 186 Ill. 2d at 156, 708 N.E.2d at 1137).  In Brumfield's January 2000 complaint, Beau was the only named defendant, and the allegations were all against him.  Michael was noted only as a respondent in discovery.  "[T]he duty to defend arises as soon as damages are sought."  Midwest Sporting Goods, 215 Ill. 2d at 165, 828 N.E.2d at 1103.  Since Brumfield did not seek damages against Michael, Economy Fire did not owe a duty to defend Michael on Brumfield's original complaint.  Thus, as to the original complaint, Economy Fire did not have an actual conflict of interest in defending Beau because it did not owe a duty to defend Michael at that time.  Accordingly, the conflict-of-interest exception was not an issue with the original complaint since the estoppel rule is only relaxed when "actual conflicts of interest appear."  Murphy, 88 Ill. 2d at 458, 430 N.E.2d at 1086.

Based on the aforementioned conclusions, if Economy Fire wanted to question its duty to defend Beau without breaching the contract, Economy Fire had to defend Beau under a reservation

- 11 -

of rights or seek a declaratory judgment to avoid a breach of the duty to defend and the application of the estoppel doctrine. See Murphy, 88 Ill. 2d at 451, 430 N.E.2d at 1082. In July 2000, Economy Fire did file a declaratory-judgment action, seeking a declaration it did not have the duty to defend or indemnify Beau. Therefore, Economy Fire did not breach its duty to defend Beau in regard to Brumfield's original complaint.

However, our inquiry does not end there because, in August 2000, Brumfield filed an amended complaint, asserting causes of action against both Beau and Michael. Brumfield asserts a conflict of interest existed based on the negligent-entrustment claim against Michael, and thus (1) the declaratory action was not an appropriate means to address the duty to defend Beau and (2) Economy Fire was required to give Beau notice of the conflict and his right to independent counsel. Economy Fire contends a conflict of interest did not exist because it had already declined to defend Beau and filed its declaratory judgment suit. We agree with Economy Fire.

Here, Economy Fire had already properly declined to provide Beau with a defense in the underlying action, and thus Beau already needed to obtain independent counsel in the underlying action. Brumfield notes "the duty to defend arises as soon as damages are sought." Midwest Sporting Goods, 215 Ill. 2d at 165, 828 N.E.2d at 1103. That duty remains until the issue of

- 12 -

coverage is determined.  Midwest Sporting Goods, 215 Ill. 2d at 165-66, 828 N.E.2d at 1103-04.  While Economy Fire still had a duty to defend Beau, it was not involved in Beau's defense and thus did not control Beau's interests.  In other words, its duty to defend was then purely a financial one.  See Eclipse Manufacturing Co. v. United States Compliance Co., 381 Ill. App. 3d 127, 135-36, 886 N.E.2d 349, 357 (2007) (noting that, when an insurer questions its duty to defend by filing a declaratory judgment, the insurer does not have to act on its duty until the declaratory judgment is resolved, at which time it may be liable to reimburse the insured for any costs of defense the insurer should have paid).

We do recognize that, after the amended complaint was filed, Beau's interests in the underlying suit were in conflict with both Economy Fire's and Michael's interests.  However, since Economy Fire was not defending or controlling Beau's interests, Economy Fire did not have any actual conflicts of interest.  Cf. Murphy, 88 Ill. 2d at 453, 430 N.E.2d at 1083 (finding conflicts of interest where the insurer was responsible for the putative insured's defense and the putative insured's interests were in opposition to the insurer's as well the insured's, for whose defense the insurer was also responsible).

However, Brumfield is correct a problem existed with the declaratory-judgment action since whether Beau had permission

to use his father's vehicle was now at issue in both the declaratory-judgment action and the underlying suit. In Murphy, 88 Ill. 2d at 455, 430 N.E.2d at 1084-85, our supreme court noted that, when the issues in the underlying suit and the declaratory-judgment action are the same, the question of coverage cannot be decided in a collateral proceeding because (1) the collateral-estoppel doctrine would apply, which would result in the declaratory judgment controlling the underlying suit, and (2) such a procedure would be prejudicial to the insurer by forcing upon it, as plaintiff, the burden of proof. More recently, the supreme court has reiterated the aforementioned rule, noting "it is inappropriate to resolve a declaratory[-]judgment action in such a manner as would bind the parties in the underlying litigation on any issues therein." Savickas, 193 Ill. 2d at 387, 739 N.E.2d at 451.

The aforementioned cases simply mean Economy Fire's declaratory-judgment action should have been stayed until the permissive-use issue was resolved in the Brumfield matter. Our supreme court has recognized an insurer does not breach its duty to defend because the underlying case proceeded to judgment before the declaratory judgment action was resolved. Martin, 186 Ill. 2d at 374, 710 N.E.2d at 1232. Since a declaratory judgment may be decided after the underlying suit is resolved without a breach of the duty to defend, a stay of the declaratory-judgment

- 14 -

proceedings until the resolution of Brumfield's case would not have resulted in a breach of the duty to defend. Thus, we decline to find Economy Fire had to do something extra to avoid a breach of the duty to defend Beau because Brumfield's amended complaint required a stay of the declaratory-judgment proceedings.

Accordingly, we find Economy Fire properly declined to defend Beau by a filing a declaratory-judgment action and Brumfield's subsequent amended compliant did not create a conflict of interest because Economy Fire's duty to defend at that time was only reimbursement of defense costs, not involvement in the defense. Thus, the trial court erred by finding Economy Fire breached its duty to defend Beau. However, since the court entered judgment in counterdefendants' favor, we need not reverse the cause and may affirm the court's judgment based on the lack of breach of the duty to defend.

### B. Damages

Since we have found Economy Fire did not breach its duty to defend, Brumfield's damages issues are now moot, and we decline to address them. See Condon v. American Telephone & Telegraph Co., 136 Ill. 2d 95, 100, 554 N.E.2d 206, 208 (1990) (noting any issue regarding damages was moot after the trial court granted a directed verdict in the defendant's favor and refusing to address any such issues).

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK and STEIGMANN, JJ., concur.